**Paul J. CLOUTIER**

v.

**David F. WHITTEN, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 16, 1988.

Decided July 13, 1988.

James F. Cloutier, Cloutier, Barrett, Cloutier & Conley, Portland, for plaintiff.

David F. Whitten, Jr., Orlando, Fla., pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

Defendant David F. Whitten, Jr., appeals a judgment entered by the Superior Court (Cumberland County) in favor of plaintiff Paul J. Cloutier following Whitten's default for failing to appear for trial. That default judgment ordered defendant to comply with an August 1986 agreement the parties had reached for defendant to convey to plaintiff certain real estate in Cape Elizabeth. The judgment also ordered him to pay plaintiff $25,000 in damages that plaintiff by affidavit claimed he had incurred as a result of defendant's failure to perform the agreement. Because the Superior Court entered that default judgment without complying with the notice requirement of M.R.Civ.P. 55(b)(2), we set aside the judgment and remand the case for reconsideration of plaintiff's application for default judgment.

After defendant refused to comply with the purchase and sale agreement, plaintiff on August 27, 1986, filed in Superior Court a two-count complaint seeking specific performance of the contract and $25,000 in damages. Represented by at least two different attorneys, defendant answered the complaint on September 12, 1986, and filed two pretrial motions during the first six months of 1987. With the case scheduled for trial on the trailing list starting Decem-

ber 7, 1987, defendant on that date filed a *pro se* motion for continuance, and on December 9 a new attorney entered his appearance on defendant's behalf. On the latter date the court denied defendant's motion for continuance. On December 14 the case was called for jury trial and defendant failed to appear. On the trial day his attorney did attend the court, but only for the purpose of presenting a telegram from defendant discharging him and stating that defendant would "make no defense in the action." Defendant having thus defaulted, plaintiff by letter dated December 17 applied to the court for default judgment in his favor. Plaintiff provided the court with an affidavit to support his claims that the court should order the real estate conveyed to him at no cost[1] and that he had suffered $25,000 in damages as a result of defendant's refusal to comply with the agreement. On December 18 the court ordered the default judgment awarding plaintiff the relief sought.

■ On appeal defendant contends that the Superior Court erred in denying his motion for continuance and, when he defaulted by not appearing for trial, in entering judgment on that default. On the initial point, defendant did not request the continuance until December 7, 1987, the very day on which he was required to be prepared for trial. Under M.R.Civ.P. 40(b),

[a] motion for continuance of an action shall be made not less than 4 days before the date set for commencement of trial in the action; but if the cause or ground of the motion is not then known, the motion may be made as soon as practicable after the cause or ground becomes known. Telephonic or other oral notice of the motion shall be promptly given to all other parties.

Furthermore,

[t]he party seeking a continuance has the burden of showing sufficient grounds for granting the motion and the ruling of the

presiding justice denying the motion is reviewable only for abuse of discretion. *Farrell v. Theriault,* 464 A.2d 188, 191 (Me.1983). *See also Magno v. Town of Freeport,* 486 A.2d 137, 140 (Me.1985). Defendant's claimed justifications for postponing trial were that he had not received written notice at his home in Florida of the trial date and that he had trouble getting an airline ticket to Maine on the short notice he did have.

We find no abuse of discretion in the Superior Court's denial of the motion for continuance. Although defendant did not receive at his home address written notice of the trial date, he concedes that he received actual notice by telephone on December 3 that his case was on the trailing docket for trial starting December 7. Thus defendant was not prejudiced by the clerk's mailing of notice to an incorrect address. On the record before us it is apparent that any difficulty defendant encountered in paying for an airline ticket for a flight to Maine, despite the reservation he had secured, did not rise to the level of sufficient cause for postponing the trial date at that late time. The court properly denied defendant's motion for continuance, and when both he and any attorney on his behalf failed to appear on December 14, 1987, when his case was reached for trial, he was properly defaulted.[2] *See* M.R. Civ.P. 55(a). *See also Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 22 (Me. 1978).

■ The judgment entered on that default, however, is not equally unassailable. A party's default by itself does no more than establish his liability on the underlying claim. *See Oliver v. Martin,* 460 A.2d 594, 595 (Me.1983). Once a party has been found in default, Rule 55(b) authorizes the party entitled to a default judgment to request that the judgment be entered. When the relief sought by the plaintiff is for other than a sum certain or a sum that can by computation be made certain, Rule

---

1. Plaintiff averred that the real estate was encumbered with numerous liens that defendant *had* agreed to remove and that the value of those liens fully offset the $35,000 sale price agreed upon for the property.

2. Furthermore, defendant never moved under M.R.Civ.P. 55(c) for the court to set aside the default "[f]or good cause shown."

55(b)(2) empowers the court under the following conditions to order the default judgment:

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) *shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall in the Superior Court accord a right of trial by jury to the plaintiff if the plaintiff so requests.

(Emphasis added)

That rule clearly prohibits a court from considering a party's request for a default judgment ordering relief other than sum certain damages without giving a defaulted party who has appeared three days' notice of the application for default judgment. *See Cutillo v. Gerstel,* 477 A.2d 750, 752–53 (Me.1984); *McNutt v. Johansen,* 477 A.2d 738, 741 (Me.1984); *Porges v. Reid,* 423 A.2d 542, 545 n. 5 (Me.1980). *See also Marshall v. Boyd,* 658 F.2d 552, 555 & n. 5 (8th Cir.1981). The requirement of notice to the defaulted party gives that party an opportunity "to show cause to the court why a default judgment should not be entered or why the requested relief should not be granted." 10 Wright & Miller, *Federal Practice and Procedure* § 2685, at 423 (1983). *See also id.* § 2687, at 436–38.

In the case at bar, after defendant's default on December 14, 1987, plaintiff by letter dated December 17 applied to the court for a default judgment in his favor and provided an affidavit supporting the declaratory relief and damages sought. On December 18, not more than one day after the application, the court without more ordered that the judgment be entered as requested. The absence of the required three days' notice to defendant necessitates that we set aside the judgment and remand the case for reconsideration of plaintiff's application after notice thereof in accordance with Rule 55(b)(2). *See Cutillo v. Gerstel,* 477 A.2d at 753.

The entry is:

Judgment vacated. Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.