**WELLSTONE PARTNERS**

v.

**J & M CONSTRUCTION CO.**

**WELLSTONE PARTNERS**

v.

**Judy R. POTTER and
Michael L. Rigney.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 1990.
Decided Oct. 24, 1990.

Philip R. Mancini (orally), Daniel W. Mooers, Pros. Atty., Portland, for plaintiff.

Rufus E. Brown (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The defendants in these consolidated cases, J & M Construction Co., Inc. (J & M), Judy R. Potter, and Michael L. Rigney, appeal from the judgments of the Superior Court (Cumberland County, *Alexander, J.*). J & M contends the court erred in denying its demand for a jury trial and in denying recovery on Count III of its cross-claim

against the plaintiff, Wellstone Partners (Wellstone), claiming Wellstone had been unjustly enriched. All the defendants contend the court erred in denying their motions to continue the trial of these cases. Finding no error, we affirm the judgments.

In March 1985, J & M, a Maine corporation in which defendants Rigney and Potter were the sole officers and shareholders, contracted to construct the Wellstone Condominiums, a project then owned by Wellstone Associates. Three months later, after Wellstone Associates defaulted on several contract payments and J & M suffered cash flow problems, Wellstone Associates sold the project and assigned the construction contract to Wellstone Partners. Shortly thereafter, despite the fact that Wellstone remained current on its payments under the contract, J & M discontinued its work on the construction, forcing Wellstone to find alternative means to complete the project.

In November 1985, M.S. Hancock Lumber of Gray (Hancock Lumber), a lien creditor of Wellstone, filed suit on its mechanic's lien in the Superior Court against both J & M and Wellstone, and J & M filed a cross-claim against Wellstone for its alleged breach of contract and for the alleged unjust enrichment of Wellstone by having accepted and retained the benefits of labor, material and services of J & M without payment. Wellstone filed a counterclaim against J & M for its alleged breach of contract. In the interim, Hancock Lumber filed a pretrial scheduling statement in which it did not demand a jury trial,[1] and the court placed the case on the expedited non-jury trial list pursuant to Administrative Order CJS–316. At Wellstone's request, the case was moved to the regular trial list in September 1986. Wellstone settled with Hancock Lumber, which assigned to Wellstone certain personal guaranties it had received from Potter and Rigney. In September 1986, Wellstone sued Potter and Rigney on their personal guaranties but none of the parties requested a jury trial of this matter. In November 1988, on the motion of the defendants, Wellstone's suit to recover on the guaranties was consolidated with the pending action between Wellstone and J & M. J & M made its first demand for a jury trial in December 1988 in its pretrial memorandum. The court denied J & M's demand on the ground that J & M had waived its right to a jury trial by failing to make its request at the appropriate time and placed the case on the non-jury list for trial. J & M objected generally to the placement of the case on the non-jury trial list but did not specify the grounds for its objection.

Three weeks prior to the scheduled trial date, J & M filed a motion to continue the trial based on Rigney's unavailability and J & M's inability to confirm his suspected hospitalization because of various state and federal confidentiality laws that prohibited hospitals from divulging the name of a patient. Ten days before trial and before the hearing on J & M's motion to continue, Potter received a telephone call from Rigney in which he stated that he had recently been released from the hospital; Potter urged Rigney to contact J & M's counsel and notified him of the trial date. After a hearing, the court denied the motion to continue on the ground that J & M had produced "insufficient evidence that there is a real medical problem" preventing Rigney's appearance at trial. Potter thereafter filed a motion to continue the trial. At a hearing on that motion held the day of the trial, Potter testified for the first time about her recent conversation with Rigney. The court again denied the motion to continue on grounds that Rigney had been informed of the trial date and had voluntarily chosen not to appear, that there was insufficient evidence he was currently hospitalized, and that Rigney's extensive depositions could adequately compensate for the lack of his testimony at the trial of both matters.

After a trial of the consolidated cases, the court found, *inter alia*, that J & M was not entitled to recover on its cross-claim for

---

**1.** Although Hancock failed to consult J & M before filing its scheduling statement as required by the rules, J & M promptly notified the court of the situation by letter, but failed to demand a jury trial.

breach of the contract between the parties or on its unjust enrichment theory, while Wellstone was entitled to recover on its counterclaim for J & M's breach of the contract. The court awarded Wellstone nominal damages of $1.00 against J & M, which was insolvent at the time of the judgment. The court also awarded Wellstone a judgment in the amount of $15,000 plus interest and costs together with attorney fees in the amount of $1,901.16 against Potter and Rigney on their personal guaranties, and the defendants appeal.

## I.

■ J & M first contends that the trial court erred in its denial of its demand for a jury trial asserting that the demand had been properly made in the pretrial memorandum. To support its contention, J & M primarily relies on the provisions of M.R. Civ.P. 86(b).[2] In reviewing the denial of a jury trial demand, we must first determine that the case was a proper one for a jury, that a request therefor was made at the proper time, that such request was refused, and that the issue has been preserved for appellate review. The requirement of preservation of a claimed trial court error is essential even when the issue on appeal, as here, implicates rights protected under the Maine Constitution. *See Blanchette v.*

York Mutual Ins. Co., 455 A.2d 426, 428 (Me.1983).[3]

■ Our review of the record reveals that J & M failed to preserve this issue for appeal. M.R.Civ.P. 46[4] requires not only that J & M object to the court's denial in a timely fashion, but also that J & M state the specific grounds of its objection, thereby allowing the trial court the opportunity either to make additional findings of fact essential to appellate review or, having been advised of previously unnoticed legal authority, to reconsider its previous ruling in a new light. *See Parker–Danner Co. v. Nickerson*, 554 A.2d 1193, 1195 (Me.1989) (failure to direct court's attention to pretrial order denied the court opportunity to consider admissibility of testimony under proper standard, thereby precluding appellate review of unpreserved objection). In the instant case, the amendment to Rule 38, requiring that a jury trial demand be made in the pretrial scheduling statement, would have been applicable unless the court, in the exercise of its discretion, found such application "would not be feasible or would work an injustice." *See* M.R. Civ.P. 86(b). J & M mistakenly asserts that because the entitlement to a jury trial can be ascertained solely from the pleadings, *see Cyr v. Cote*, 396 A.2d 1013, 1016

2. J & M's argument on appeal can be briefly summarized. Under Administrative Order SJC–316, in effect at the beginning of this suit, J & M would have been required to make a demand for a jury trial in the pretrial scheduling statement filed by Hancock Lumber only if the case were "ultimately placed" on the expedited trial list. J & M argues that this mandate became moot when the court moved the case, at Wellstone's request, from the expedited list to the regular trial list. Further, they contend that until February 1988 M.R.Civ.P. 38 provided that any party could delay their jury trial demand until the filing of their pretrial memorandum. *See* M.R.Civ.P. 38(b), (d) (1987). In 1988, Rule 38 was amended to require that such demands be included in the earlier pretrial scheduling statement. *See* M.R.Civ.P. 38(b), (d) (1988). J & M filed its pretrial memorandum nine months after the amendment to Rule 38 became effective and now argues that the trial court should have granted its demand under the provisions of M.R.Civ.P. 86(b), which provides that rule amendments will not apply to pending actions when "in the opinion of the court their application ... would not be feasible or would

work injustice." M.R.Civ.P. 86(b) (1990). J & M's objection to the denial of its jury trial demand did not draw the court's attention to either the Administrative Order or M.R.Civ.P. 86(b).

3. Article I, section 20 of the Maine Constitution provides, in pertinent part, that "[i]n all civil suits, and in all controversies concerning property, the parties shall have the right to a trial by jury, except in cases where it has heretofore been otherwise practiced." *See also City of Portland v. DePaolo*, 531 A.2d 669 (Me.1987).

4. M.R.Civ.P. 46 provides, in pertinent part:
 Exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, *makes known to the court the action which the party desires the court to take or the party's objection to the action of the court and the grounds therefor....*
 (Emphasis added).

(Me.1979), no further fact finding by the trial court was necessary and it was unnecessary to do anything further than file its objection to the placement of the case on the non-jury trial calendar. Its failure to indicate to the court why the application of the amended rule would not be feasible or would work an injustice prevented the court from addressing and resolving that issue *ab initio* and therefore precludes our consideration of the issue for the first time on appeal. Having failed to preserve its objection adequately, J & M's appeal can only be sustained if the trial court's denial was obvious error, and we find no such error in this record.

## II.

 J & M, Potter, and Rigney argue that the trial court erred in the denial of their respective motions to continue the trial of these matters because they could not verify Rigney's hospitalization because of various state and federal confidentiality laws that prevented the contacted hospitals from disclosing a patient's name. We review the denial of a motion to continue for an abuse of discretion. *See* M.R.Civ.P. 40(c) ("the grant or denial of a continuance shall be discretionary whether the foregoing provisions have been complied with or not"). The moving party has the burden of proof on its motion to "make known to the presiding justice *substantial reasons* why the granting of the continuance would serve to further justice." *Farrell v. Theriault*, 464 A.2d 188, 191–92 (Me.1983). It is relevant to the court's exercise of discretion whether the movant has previously been granted a continuance. *See Lucien Bourque, Inc. v. Cronkite*, 557 A.2d 193, 195 (Me.1989). Further, we have previously held that receipt of actual notice of the trial date by an absent witness will support the exercise of the court's discretion in denying a continuance. *See Cloutier v. Whitten*, 544 A.2d 737, 738 (Me.1988).

 The instant cases had been pending almost four years at the time these motions were filed. Six months prior to the filing of these motions, J & M had requested and received a continuance of the trial of these cases. The evidence presented by J & M at the hearing on its motion was at best secondhand, unconfirmed speculation; the evidence presented by Potter at the hearing on her motion was not only speculative as to Rigney's present hospitalization, but suggested that Rigney was in fact not hospitalized at the time of the hearing on either motion. Potter advised the court that she had informed Rigney of the trial date. Contrary to the defendants' contention, given the extensive depositions provided by Rigney on prior occasions, the defendants failed to show that Rigney's inability to testify at trial would have an "adverse prejudicial effect on [their] substantial rights." *Farrell v. Theriault*, 464 A.2d at 192. On this record, the denial of the defendants' motions to continue the trial of these cases was a proper exercise of the court's discretion.

## III.

 We find no merit in J & M's contention that the trial court improperly denied Count III of its cross-claim against Wellstone. The trial court specifically found that Wellstone was current on all its contract payments at the time of J & M's breach. Because J & M failed to establish that it had not been fully compensated by Wellstone for any labor, services, or supplies that it had furnished to Wellstone, the court properly found that Wellstone had not been unjustly enriched and properly held that J & M could not recover from Wellstone on that count of J & M's cross-claim.

The entry is:

Judgments affirmed.

All concurring.