**Irene FICEK**

v.

**COASTAL HARBORS INC., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 16, 1995.

Decided May 22, 1995.

Irene Ficek, Manchester, pro se.

Alexandra L. Treadway, Verrill & Dana, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

Irene Ficek, *pro se,* appeals from the judgment entered in the Superior Court (York County, *Cole, J.*) in favor of Coastal Harbors, Inc. She contends that the court erroneously denied her motion for a continuance, failed to apply the Maine Condominium Act, 33 M.R.S.A. §§ 1601–1604 (1988 & Supp.1993), and erroneously denied her other claims for relief.

The facts are briefly summarized as follows. Irene Ficek purchased two slips from Atlantic Harbors Inc., predecessor in interest to Coastal Harbors, in 1987 and 1988. Coastal Harbors discovered in 1989 that the docking system which included these slips had been placed in part outside the area defined by its submerged land lease. A plan to remedy the misplacement was submitted promptly to the association of slip owners and was approved with only one negative vote.

Over two years later, Ficek filed a multicount complaint in Superior Court. The parties were notified on December 20, 1993 that a non-jury trial was scheduled for December 28, 1993. The request of Ficek's counsel for protection over the holidays was denied. At the beginning of the trial, Ficek's counsel moved for a continuance until after January 4, 1994 because Ficek was on vacation in California for the holidays. The court denied the motion, and the trial proceeded in Ficek's absence.

Before Ficek's counsel rested, he reiterated his request that the court suspend the trial to allow Ficek to be present to testify. When Ficek's counsel indicated that he could not guarantee that Ficek would be present the following afternoon, the court denied the request. At the close of Ficek's case, the court granted a judgment as a matter of law to Coastal Harbors on the breach of warranty, breach of implied warranty and indemnity claims. At the close of Coastal Harbors' case, the court orally decided the remaining claims for breach of contract, negligent mis-

representation, and rescission in favor of Coastal Harbors.

 The trial court acted well within its discretion in denying Ficek's motion for a continuance. *See Pelletier v. Pelletier,* 597 A.2d 60, 61 (Me.1991). Despite notification on November 10, 1993 that her case was placed on the December trial list, and subsequent notification of the specific trial date a week prior to trial, Ficek went on vacation. M.R.Civ.P. 40 requires that a motion for a continuance be made 4 days prior to the action if the grounds for the continuance exist at that time. M.R.Civ.P. 40. *See Titcomb v. Saco Mobile Home Sales, Inc.,* 544 A.2d 754, 758–59 (Me.1988). Ficek did not comply with that requirement.

 Contrary to Ficek's contention, the trial court properly denied her breach of warranty and breach of contract claims. In accord with her agreement with Coastal Harbors, the statute of limitations for such claims was two years. Ficek brought her action well beyond that period. In addition, there was no proof of damages resulting from the misplacement and subsequent replacement of the docks to justify relief on the contract claims. Even assuming Ficek suffered some cognizable injury, the trial court acted well within its discretion in denying her request for rescission of the contract in light of her continuous use of the slips for a period of six years, and her delay in seeking court intervention for two years after the dock reconfiguration. *See Lewiston Firefighters Ass'n v. City of Lewiston,* 354 A.2d 154, 167 (Me.1976) (application of the doctrine of laches).

 Ficek raises for the first time on appeal the applicability of the Maine Condominium Act. Her complaint raised only common law claims and no evidence was presented at trial on any violation of the Act. Having never alleged a violation of the Act or raised it at trial, Ficek cannot raise this violation claim on appeal. *Chasse v. Mazerolle,* 580 A.2d 155, 156 (Me.1990). Ficek's remaining points on appeal have no merit.

The entry is:

Judgment affirmed.

All concurring.