1998 ME 26

Timothy SCHNEIDER, et al.

v.

Kenneth PUTNAM, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1998.

Decided Feb. 2, 1998.

Schuyler G. Steele, Newport, for plaintiffs.

Nathan Dane, III, Bangor, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Timothy Schneider and Jeanie Schneider appeal from the judgment entered in the Superior Court (Penobscot County, *Cole, J.*) dismissing with prejudice their complaint against Kenneth Putnam[1] for failure to prosecute. The Schneiders contend that the court exceeded the bounds of its discretion in denying their motion for a continuance. We disagree and affirm the judgment.

[¶ 2] The Schneiders instituted this action in December of 1994. In April of 1995, the court (Penobscot County, *Alexander, J.*) entered an order dismissing the suit with prejudice unless the Schneiders filed a Pretrial Scheduling Statement within ten days. The Schneiders complied, and discovery was ordered closed January 3, 1996. In March of 1996, the court (Penobscot County, *Kravchuk, J.*) entered an order dismissing the suit with prejudice unless the Schneiders filed a Report of Conference of Counsel within ten days and imposed sanctions in the amount of $75 against the Schneiders' counsel. Again, the Schneiders complied.

[¶ 3] In September of 1996, the Schneiders' counsel addressed a letter to the clerk of courts to request that

> when the above matter is ready to be scheduled for trial, it be specially set. The Plaintiffs are now residents of the state of Minnesota, and it will require effort and planning for them to return to Maine. If a special setting is not possible, I would request that as much notice as possible be given.

On January 30, 1997, the parties were notified that the case had been placed on the list of jury-waived back-up trials scheduled for the March 10–April 11 trial session. On February 12, 1997, the Schneiders filed a motion requesting "[t]hat the case at bar be moved from the *current list* and specially assigned to a later date." (emphasis added). The case was not reached for trial during the period in question; the court did not rule on the plaintiffs' motion. On March 14, 1997,

the parties were notified that the case had been listed as a back-up trial for the May 6–June 13 trial session. Instead of reiterating their request for a special assignment to a specific date, the Schneiders took no action upon their counsel's receipt of this notice. On June 3, 1997, the parties were notified by telephone that the case was set as a jury-waived trial on June 12, 1997. The Schneiders again took no further action to seek a special assignment. One week later, the court met with counsel for the parties, and the record is void of any formal motion made by the Schneiders seeking a continuance, nor have the Schneiders provided us with a transcript of that conference. When, on June 12, 1997, the case was reached for trial, the Schneiders were not present; their counsel indicated that he could not go forward.

[¶ 4] We review the trial court's denial of a motion for a continuance for an abuse of discretion. *See Ficek v. Coastal Harbors Inc.*, 658 A.2d 1055, 1056 (Me.1995); *Pelletier v. Pelletier*, 597 A.2d 60, 61 (Me.1991). "The moving party has the burden of proof on its motion to 'make known to the presiding justice substantial reasons why the granting of the continuance would serve to further justice.'" *Wellstone Partners v. J & M Constr. Co.*, 581 A.2d 789, 792 (Me.1990) (quoting *Farrell v. Theriault*, 464 A.2d 188, 192 (Me. 1983) (emphasis in original)).

[¶ 5] The record indicates that the Schneiders had notice that their case would be vulnerable for trial during the period May 12–June 13, 1997, and that on June 3, 1997, they had notice that the case would be set for trial on June 12, 1997. Pursuant to M.R. Civ. P. 40(b), "[a] motion for continuance of an action shall be made not less than 4 days before the date set for commencement of trial in the action...." They took no timely action to seek a further continuance. On the facts of this case, the trial court acted well within the bounds of its discretion when on June 12, 1997, it dismissed the plaintiff's action for failure to prosecute.

---

1. The original defendants were Putnam, F.S.B. Inc. d/b/a ERA of Maine, and Richard Trott. The Superior Court (Penobscot County, *Mead, J.*) granted F.S.B. Inc. a summary judgment in July of 1996. Trott moved for a summary judgment in April of 1997. According to the Schneiders, "Trott was granted Summary Judgment shortly prior to trial." This judgment is not reflected on the docket, however.