Paul **SWEENEY**

v.

Patricia **SWEENEY.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1987.
Decided Dec. 18, 1987.

---

**4.** "Accessory" is defined as "helping in a secondary or subordinate way." *Webster's New World* *Dictionary* 8 (2d ed. 1978).

Judy Potter (orally), Cape Elizabeth, for plaintiff.

Donald W. Perkins (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

On appeal from a judgment of divorce entered in the Superior Court, Cumberland County, both parties challenge various aspects of the court's order. Dr. Sweeney asserts that the court erred: 1) by treating his medical license as marital property; 2) in awarding alimony to Mrs. Sweeney; and 3) in dividing the marital property. Mrs. Sweeney asserts that the court erred: 1) by not including goodwill in evaluating Dr. Sweeney's professional corporation as marital property; 2) in assigning certain assets to the parties' only child. Because we sustain Dr. Sweeney's challenge to the treatment of his medical license as marital property, we vacate the judgment.

### I. Treatment of a professional license or degree

■ In this case, we are being asked to decide whether a professional license or degree earned during the marriage is "property" within the meaning of Maine's equitable distribution statute, 19 M.R.S.A. § 722–A (1981).[1] We hold that it is not. In so holding, we are persuaded by the reasoning of the New Jersey Supreme Court:

> The value of a professional degree for purposes of property distribution is nothing more than the possibility of enhanced earnings that the particular academic credential will provide.... Equitable distribution of a professional degree would ... require distribution of 'earning capacity'—income that the degree holder might never acquire. The amount of future earnings would be entirely speculative. Moreover, any assets resulting from income for professional services would be property acquired *after* the marriage; the statute restricts equitable distribution to property acquired *during* the marriage.

*Mahoney v. Mahoney*, 453 A.2d 527 (N.J. 1982). (Emphasis in original)[2]

■ A number of jurisdictions have held that although a professional license or degree is not marital property, the non-degree holding spouse should be reimbursed through alimony for her contribution to the degree-holding spouse's education. *See, e.g., Drapek v. Drapek*, 503 N.E.2d 946 (Mass.1987); *Mahoney*, 453 A.2d at 534–35. In this case, the Sweeneys were married for over thirteen years. While Dr. Sweeney was in medical school, in Worcester, Massachusetts, Mrs. Sweeney worked as an elementary school teacher. The income she earned went towards paying the couple's living expenses as well as Dr. Swee-

---

1. Section 722–A provides in pertinent part:

   In a proceeding: (a) for divorce ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors

   .    .    .    .    .

   2. *Definition.* For purposes of this section only, "marital property" means all property acquired by either spouse subsequent to the marriage....

2. The vast majority of courts that have ruled on this issue have held that a professional license or degree is not marital property. *See, e.g., Graham v. Graham*, 574 P.2d 75 (Col.1978) (en banc); *Drapek v. Drapek*, 399 Mass. 240, 503 N.E.2d 946 (1987); *Mahoney v. Mahoney*, 91 N.J. 488, 453 A.2d 527 (N.J.1982). The New York Court of Appeals, the only Court to hold to the contrary, was compelled to do so by a property distribution statute which expressly provided that a professional degree is marital property. *See O'Brien v. O'Brien*, 66 N.Y.2d 576, 498 N.Y.S.2d 743, 489 N.E.2d 712 (1985).

ney's school expenses. During this period, Mrs. Sweeney obtained a master's degree in education as well as a reading specialist certificate. Upon Dr. Sweeney's graduation, the couple moved to Portland, Maine and Mrs. Sweeney assumed a position as a school teacher in the Portland school system. Shortly thereafter, Mrs. Sweeney resigned from the Portland school system to assume the responsibility of caring for the couple's home. Since that time, Mrs. Sweeney has been a volunteer teacher and has tutored students within the Cape Elizabeth community.

During the latter years of the marriage, Mrs. Sweeney has received the benefits of Dr. Sweeney's medical license through her enjoyment of his increased earning capacity during their marriage. In addition, it can be assumed that much of the marital property which Mrs. Sweeney will eventually realize, was acquired due to Dr. Sweeney's enhanced earning capacity. In this case, therefore, we conclude that any form of reimbursement alimony would be inappropriate.[3]

## II. Treatment of goodwill

■ The trial court found that Dr. Sweeney's ⅑ interest in Maine Cardiology Associates, a professional corporation, is marital property that must be divided. The court then ruled that the value of Dr. Sweeney's shares of stock in the corporation must be determined in accordance with a binding stock redemption agreement. Under the terms of the agreement, goodwill is not a factor to be considered in determining the book value of the stock. The redemption agreement was entered into prior to initiation of the divorce proceedings. There is nothing in the record to indicate that the redemption agreement was entered into for the purpose of limiting the value of the stock as a marital asset. We conclude that in this case, Mrs. Sweeney has failed to dem-onstrate that the trial court erred by valuing Dr. Sweeney's shares in the professional corporation according to the terms of the stock redemption agreement.

## III. Assignment of Assets

■ The court found that certain assets, presently in the possession of her maternal grandfather, Stephen J. Papa, belong to the minor child of the parties. Mr. Papa, a resident of Connecticut, claims that he is the rightful owner of these assets. Inasmuch as neither Mr. Papa nor the child were parties to this proceeding, the court did not have the authority to make a determination as to who is the rightful owner of these assets. We therefore direct that the court strike that portion of the judgment that determines the ownership of these assets.

## IV. Remaining Economic Issues

In light of the significant impact today's holding will have on the value of the marital property available for division, we direct the trial court, consistent with this opinion, to reassess the fairness of all economic provisions of the divorce judgment, including alimony and child support. On remand, the trial court shall have the discretion to open the record and allow the parties to introduce new evidence relating to the economic issues properly before the court.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** In so holding we express no opinion as to whether our statutory scheme is broad enough to allow a trial court to award reimbursement alimony in a case where the non-degree holding spouse has contributed significantly to the degree-holding spouse's education and a divorce occurs prior to the parties acquiring any substantial assets.