Paul A. SWEENEY

v.

Patricia A. SWEENEY.

Supreme Judicial Court of Maine.

Argued March 10, 1989.

Decided April 7, 1989.

Judy Potter (orally) Cape Elizabeth, for plaintiff.

Donald W. Perkins (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

This divorce case is before us again, this time on appeal of defendant, Patricia A. Sweeney, from an amended judgment entered in the Superior Court (Cumberland County; *Bradford, J.*) after remand from this court. In the first appeal, we determined that it was error for the Superior Court to treat plaintiff Paul W. Sweeney's medical license as marital property, and to require Dr. Sweeney to pay to Mrs. Sweeney a sum equal to one-half the value of that medical license.[1] *Sweeney v. Sweeney,* 534 A.2d 1290, 1291–92 (Me.1987) (*Sweeney I*).

In *Sweeney I* we also found that the Superior Court lacked jurisdiction to ascertain ownership of certain disputed assets, namely bonds, securities and cash deposits, in the possession of Mrs. Sweeney's father, the income from which was taxed to the child of the marriage. *Id.*

In this appeal Mrs. Sweeney disputes the amount of alimony and child support awarded by the Superior Court upon remand and contends that it was improper for the court to allow Dr. Sweeney to offset his obligation to pay private school expenses for the child with income taxable to the child from assets held by Mrs. Sweeney's parents. We find no abuse of discretion in the court's award of alimony and its determination of child support, but we do

---

1. In the original judgment the Superior Court had determined one-half the value of the medical license to be $250,000 and required Dr. Sweeney to pay to Mrs. Sweeney monthly installments of $2000 for one hundred twenty-five months.

find that the court impermissibly set off Dr. Sweeney's obligation to pay the child's private school expenses.

### Alimony and Child Support

■ Mrs. Sweeney contends on appeal that the award of alimony in the amended judgment, $2000 per month, the same alimony awarded in the original judgment, demonstrates the Superior Court's failure to abide by this court's remand order in *Sweeney I* to properly reassess the fairness of all economic provisions. Because the Superior Court had previously ordered Dr. Sweeney to pay substantially more than $2000 per month and because Dr. Sweeney was no longer obligated to pay monthly installments of $2000 for the medical license, Mrs. Sweeney argues that the Superior Court was obligated to increase her alimony. We disagree. Although our decision in *Sweeney I* did relieve Dr. Sweeney from paying Mrs. Sweeney for a portion of the value of his medical license, the amended divorce judgment reallocated certain marital assets and increased Mrs. Sweeney's share of those assets, and required Dr. Sweeney to assume a larger share of the marital debts. The Superior Court concluded that $2000 in monthly alimony was a fair award. There is nothing in the record to indicate that the court did not follow our mandate and reconsider the fairness of the economic provisions of the divorce judgment in reaching that result.

■ The decision to award alimony is within the sound discretion of the divorce court and reviewed only for an abuse of that discretion. *Cushman v. Cushman,* 495 A.2d 330, 335 (Me.1985); *Skelton v. Skelton,* 490 A.2d 1204, 1208 (Me.1985). We will find an abuse of discretion only when the amount awarded, if any, is " 'plainly and unmistakably an injustice' " that becomes instantly apparent upon review. *Skelton,* 490 A.2d at 1207 (quoting *Bryant v. Bryant,* 411 A.2d 391, 395 (Me. 1980)). *See also Prue v. Prue,* 420 A.2d

257, 259 (Me.1980). We are not persuaded, based upon our independent review of the record, that the alimony provision of the amended divorce judgment reflects an abuse of discretion.

Likewise, based on the needs of the child and the relative abilities of the parties to provide support for the child, our review of the record leads us to conclude that the order of child support was not an abuse of the court's discretion.

### Offset of Dr. Sweeney's Private School Expense Obligation with Child's Income

■ In *Sweeney I* we found that the Superior Court lacked jurisdiction to ascertain the ownership of certain assets in the possession of Mrs. Sweeney's father because he and the child were not parties to the divorce proceeding. We directed the Superior Court to strike that portion of the original divorce judgment that determined ownership of the assets. 534 A.2d at 1292. In its amended divorce judgment, the Superior Court did not determine the ownership of the assets. The amended divorce judgment, however, provided in relevant part:

> to the extent that assets are held by [the child's] maternal grandparents or any third party for [the child's] benefit, the income from which is taxable to [the child], then the income from such assets may be set off against the Waynflete School expenses on the request of Dr. Sweeney.

The amended divorce judgment, while not requiring that the child attend Waynflete,[2] directs Dr. Sweeney to pay any Waynflete expenses, subject to the set-off provision, in the event that the child continues to attend Waynflete.

Assuming without deciding that there might be circumstances under which it would be appropriate for a divorce court to consider the personal income of a child when imposing a child support obligation upon a parent,[3] the court in this case erred

2. Waynflete School is a private school.

3. While some courts consider the child's financial resources when determining the amount of child support, *see, e.g., In re Marriage of Butler,* 106 Ill.App.3d 831, 62 Ill.Dec. 535, 538, 436

N.E.2d 561, 564 (1982); *Nabors v. Nabors,* 354 So.2d 277, 279 (Ala.Civ.App.1978), other courts do not consider the child's financial resources as a factor when fixing the amount of child support. *See, e.g., Williamson v. State,* 138 Ga. App. 306, 226 S.E.2d 102, 103 (1976); *Common-*

**662**

in allowing Dr. Sweeney's obligation to pay private school expenses to be offset with income taxed to the child of this marriage. There has been a dispute as to ownership of the assets from which that income is derived, and those assets are controlled by Mrs. Sweeney's parents, non-parties to these proceedings. Income taxed to a child is not necessarily available to the child without restriction. It is far from clear on this record that the income can be used to pay private school expenses. The income may be subject to trust or other conditions that restrict its use. In view of such uncertainties, the Superior Court's set off of Dr. Sweeney's private school expense obligation with income taxable to the child was not within its discretion.

The entry is:

Amended Divorce Judgment modified to strike that portion of the judgment relating to the set off of Dr. Sweeney's private school expense obligation, and, as modified, judgment affirmed.

All concurring.

wealth v. Byrne, 212 Pa.Super. 566, 243 A.2d 196, 197 (1968). Cf. Sutliff v. Sutliff, 515 Pa.

393, 528 A.2d 1318, 1322 (1987).