**Pauline G. PELLETIER**

v.

**Cyr P. PELLETIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1991.
Decided Sept. 26, 1991.

Lisa Cohen Lunn, Marvin Glazier, Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Raymond L. Williams, Roy, Beardsley, Williams & Kesaris, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Defendant Cyr Pelletier appeals from a judgment of the Superior Court (Hancock County, *Browne, A.R.J.*) affirming a divorce judgment of the District Court (Ellsworth, *Staples, J.*). He contends that there was insufficient evidence of irreconcilable marital differences, the grounds upon which the divorce was granted, and that the court abused its discretion in denying his motion to continue the divorce hearing. In addition, he disputes the court's award of alimony and its orders pertaining to arrearages and attorney fees. We affirm.

After 45 years of marriage and 10 children, Pauline Pelletier, the plaintiff-wife, sought a divorce from her husband, Cyr Pelletier. The grounds asserted were irreconcilable marital differences. *See* 19 M.R.S.A. § 691(1)(H) (1981).[1] Mrs. Pelletier testified that their marriage had "gone

downward," that there was "so much anger and hate that I just can't live that way anymore," that she and Mr. Pelletier could not talk to each other, that Mr. Pelletier was always angry and that "he dictates to me," that Mr. Pelletier excluded her from his will in favor of a person he hardly knew, that he had attempted to have her committed shortly before she left the marital home, and that she could "definitely" not continue to live with Mr. Pelletier.

That evidence demonstrates more than trivial or minor differences between the Pelletiers and a "greater degree of disparity between husband and wife than mere unhappiness, for which a divorce cannot be granted." *Mattson v. Mattson,* 376 A.2d 473, 476 (Me.1977). Because the court could find that cohabitation had become intolerable for Mrs. Pelletier, its granting of the divorce on the grounds of irreconcilable marital differences cannot be disturbed. *Id.*

Mr. Pelletier also argues that the court should have granted his motion to continue the divorce hearing, made on the date of the hearing, because he was unprepared to present evidence on the financial aspects of the divorce. A request for a continuance is directed to the sound discretion of the trial court. *Blue Rock Indus. v. Raymond Int'l, Inc.,* 325 A.2d 66, 79 (Me. 1975); *see* M.R.Civ.P. 40(c). Because Mr. Pelletier had sufficient notice of the divorce hearing, and because he failed to demonstrate any prejudice to him from the court's refusal to grant the requested continuance (the record reflects that the court gave Mr. Pelletier full opportunity to present his case at the hearing and the opportunity to make additional post-trial written submissions to the court before the judgment was entered), the court acted well within its discretion in denying his motion. *See Magno v. Town of Freeport,* 486 A.2d 137, 140 (Me.1985).

Mr. Pelletier further contends that the alimony of $1000 per month

1. 19 M.R.S.A. § 691(1)(H) provides:
**(1) Grounds.** A divorce may be decreed for one or more of the following causes:

. . . .

**(H)** Irreconcilable marital differences[.]

awarded to Mrs. Pelletier was excessive, and that he should not have been ordered to pay arrearages and attorney fees. Mr. Pelletier bases those contentions on his lack of ability to pay. A divorce court is vested with broad powers to order one spouse to pay alimony to the other so long as the amount is reasonable and the court takes into account the payor spouse's ability to pay and the payee spouse's needs and opportunities. *See Jacobs v. Jacobs*, 507 A.2d 596, 600 (Me.1986); *Skelton v. Skelton*, 490 A.2d 1204, 1207 (Me.1985); 19 M.R.S.A. § 721 (Supp.1990). The determination of what is reasonable "must be the result of the exercise of sound judicial discretion" and this court accords great deference to the trial court's decision. *Capron v. Capron*, 403 A.2d 1217, 1218 (Me.1979). We will not find an abuse of discretion unless the injustice of the award is so plain and unmistakable that it "becomes instantly apparent upon review." *Sweeney v. Sweeney*, 556 A.2d 660, 661 (Me.1989); *Anderson v. Anderson*, 591 A.2d 872, 874 (Me.1991). There is no plain and unmistakable injustice apparent in this alimony award. Nor was there any abuse of discretion in the court's arrearage order, *Sweeney*, 556 A.2d at 661, or in its order requiring Mr. Pelletier to pay attorney fees incurred by Mrs. Pelletier. *Most v. Most*, 477 A.2d 250, 263 (Me.1984); 19 M.R.S.A. § 722(3) (1981). Therefore, we cannot disturb any of the orders pertaining to alimony, arrearage, or attorney fees.

Other issues raised by Mr. Pelletier are without merit and require no further discussion.

The entry is:

Judgment affirmed.

All concurring.