**Gloria BERRY**

v.

**Dexter BERRY.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1994.

Decided May 31, 1995.

---

Toby H. Hollander (orally), Lewiston, for plaintiff.

Edward S. David (orally), Joyce, Dumas, David and Hanstein, P.A., Livermore Falls, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Dexter Berry appeals from the decision of the Superior Court (Oxford County, *Bradford, J.*) denying his appeal from a divorce judgment entered in the District Court (Rumford, *French, J.*). Dexter first contends that there is no final judgment. He then argues that the District Court erred by (1) not holding a hearing after a remand from the Superior Court; (2) improperly awarding alimony; (3) improperly dividing certain real estate; and (4) improperly distributing the marital property. Although we find that there was a final judgment in the District Court, we agree that the court improperly divided the real estate and therefore we vacate the judgment.

This case has a long and complicated procedural history. In July 1989, after twenty-nine years of marriage, Gloria Berry sought a divorce. A trial was held in the District Court on June 8, 1990. Following the trial and the submission of proposed judgments, the District Court (*Sheldon, J.*) entered a judgment in the form proposed by Gloria. That judgment awarded the marital residence to Gloria. It found the other interests in real property, including an interest in an island owned in common with other members of Dexter's family, to be marital property and awarded these interests to Dexter, but permitted Gloria to harvest $40,000 of timber over a ten-year period from property awarded to Dexter. The court awarded each party one-half of Dexter's future pension, and ordered Dexter to pay the balance owed on the mortgage on the residence, to continue paying the premium for Gloria's health insurance, to maintain his current life insurance policy naming Gloria as the beneficiary, and to pay Gloria's attorney fees. After several appeals to the Superior Court and a premature appeal to this Court, *see Berry v. Berry,* 634 A.2d 451 (Me.1993), Dexter again appeals from the latest Superior Court order.

As a preliminary matter, we must consider whether the Superior Court was correct that the District Court has not entered a final judgment from which an appeal may be taken. We conclude that a fair reading of various decisions of the District Court leads to the conclusion that it has entered a final judgment. We agree with the Superior Court, however, that it should be set forth in one place.[1]

---

1. A judgment in accordance with prior decisions of the District Court would be in the form of its July 1990 judgment with the following modifications:

1. Paragraph 5 should read: "said property is *nonmarital* property" rather than "marital" property.

■ Consistent with the order of the Superior Court we do not wish to foreclose the District Court from reconsidering any portion of its judgment should it deem that appropriate. Such a hearing on remand, however, is not a substitute for a Rule 80(j) motion for changed circumstances which may be filed once there is a final judgment not subject to appeal.

■ On the merits of Dexter's appeal we agree with him that the District Court failed to divide properly the couple's two wood lots. A divorce court has a duty to "divide the marital property in such proportions as the court deems just." 19 M.R.S.A. § 722–A(1) (1981). In so doing, a court should endeavor to divide the marital property in such a manner as to avoid continued financial interaction between the parties. *See In re Marriage of Lundtvedt,* 484 N.W.2d 613, 615 (Iowa Ct.App.1992) (leaving divorced parents in landlord-tenant relationship was "recipe for disaster"); *Hopkins v. Hopkins,* 597 S.W.2d 702, 706 (Mo.Ct.App.1980) (court's failure to dissolve spouses' joint ownership in close corporation raises a presumption of erroneous judgment); *Ryan v. Ryan,* 391 Pa.Super. 327, 571 A.2d 392, 394–95 (1990) (in-kind division of stock in closely held corporation "necessitates a lingering connection between two parties who obviously wish to sever their ties"). We cannot expect divorced parties to continue a business relationship that will optimize resources and profits. Therefore, it is particularly important to avoid creating situations where the divorced parties remain in joint management of income producing property.

■ The judgment that the District Court entered in this case awarded two wood lots to Dexter but permitted Gloria to harvest $4,000.00 worth of timber in each of the following ten years. Because this provision of the judgment fails to specify and delineate the rights and powers of the parties, it effectively places Dexter and Gloria in joint control of the property for ten years. Consequently, this arrangement is likely to engender future conflicts between them. Other less problematic means of accomplishing the same distribution of wealth are within the court's powers. *See Baker v. Baker,* 444 A.2d 982, 986 (Me.1982) (upholding divorce court's authority to achieve its division of property by requiring the husband to pay the wife a sum of money or give a mortgage on his separate property); *Zillert v. Zillert,* 395 A.2d 1152, 1156–58 (Me.1978) (giving party option to purchase other party's equitable portion of a farm, otherwise partitioning property).

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.

---

2. Paragraphs 16(F) and 19 should be moved and incorporated into Paragraph 18. The modified Paragraph 18 should read:
18. The defendant is ordered to pay alimony to plaintiff as follows:
A. [former Paragraph 16(F) with the word "alimony" substituted in place of the phrase "part of the division of marital property"]
B. [former Paragraph 18 with the words "in lieu of alimony" deleted]
C. [former Paragraph 19 with the following language deleted: "otherwise to children of the insured, equally or to the survivors or survivor"]

3. Paragraph 17 should be modified to read:
17. It is ordered that Defendant shall be responsible for the payment of attorney fees and costs to Leonard I. Sharon in the amount of $3,097.00 as contained in his affidavit submitted to the court. This amount reflects work performed up to and including the issuance of the Divorce Judgment on July 5, 1990. The award of further attorney fees for work performed after that date is reserved.
4. The QDRO (qualified domestic relations order) of April 16, 1993, should be incorporated in the judgment.