· 1997 ME 29

**Dawn G. SMITH,**

v.

**Mark A. SMITH.**

Supreme Judicial Court of Maine.

Argued Feb. 6, 1997.

Decided Feb. 26, 1997.

Sarah LeClaire (orally), Presque Isle, for plaintiff.

Francis E. Bemis (orally), Hardings Law Offices, Presque Isle, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1]  Mark A. Smith appeals from a judgment of divorce entered in the Superior Court (Aroostook County, *Archibald, A.R.J.*).  Mark contends that the court erred (1) by failing to dissolve the spouses' joint ownership in their closely held corporations; (2) by twice awarding the same property to Dawn; and (3) by improperly calculating the arrearage due from the court's order pending divorce.  Dawn G. Smith cross-appeals contending that the court erred (1) by its valuation of one of the spouses's closely held corporations and (2) by failing to justly divide and determine the value of the parties' property.  We vacate the judgment.

[¶ 2]  Mark and Dawn were married in 1969.  In 1978, the couple moved to Mars Hill and began a concrete foundation business.  The business was eventually incorporated as M.A. Smith Foundations, Inc. (M.A. Smith), with Mark and Dawn each owning an equal number of shares of the capital stock of the company.  In February of 1994, Mark formed a general contracting company, Ace General Contractors, Inc. (Ace) with their son, Mark S. Smith, with Mark owning one-quarter of the stock in Ace and their son owning the remaining stock.  In July 1994, Dawn filed the present action.  Following a trial of this matter, the court granted the couple a divorce on the ground of irreconcilable differences and determined all the property owned by the parties to be "marital property" pursuant to 19 M.R.S.A. § 722–A (1981).[1]  The court valued and divided the marital estate, including M.A. Smith, Ace, the couple's jointly owned real property, two vehicles, publicly traded securities and individual retirement accounts.  Despite assigning a value to M.A. Smith and Ace in its general division of the marital estate, the court concluded that it could not determine an "accurate accrual value of the stock" in either corporation and provided that the stock holdings in these corporations be divided equally between the parties.  Finally, the judgment provides that Mark pay alimony to Dawn and the arrearage due her pursuant to a pretrial order.

[¶ 3]  Both parties filed motions for findings of fact and conclusions of law and to alter and amend the judgment, pursuant to M.R.Civ.P. 52 and M.R.Civ.P. 59.  Dawn also filed a motion for a new trial and for relief from the judgment pursuant to M.R.Civ.P. 59 and M.R.Civ.P. 60.  On February 26, 1996, the court denied the various motions of the parties.  These appeals followed.

[¶ 4]  Both Mark and Dawn, *inter alia*, contend that the court erred by failing to dissolve their joint ownership in both M.A. Smith and Ace.  We agree.  In *Berry v. Berry*, 658 A.2d 1097, 1099 (Me.1995), we stated:

> We cannot expect divorced parties to continue a business relationship that will optimize resources and profits.  Therefore, it is particularly important to avoid creating situations where the divorced parties remain in joint management of the income producing property.

---

1.  19 M.R.S.A. § 722–A provides, in part:
    **2. Definition.**  For purposes of this section only, "marital property" means all property acquired by either spouse subsequent to the marriage. . . .

Here, the division of the stock in these closely held corporations "necessitates a lingering connection between two parties who obviously wish to sever their ties." *Ryan v. Ryan,* 391 Pa.Super. 327, 571 A.2d 392, 394–95 (1990), *rev'd on other grounds,* 528 Pa. 186, 596 A.2d 140, 142–43 (1991). It is within the court's power to provide other means of distribution of the marital property to avoid future conflicts between the parties. *See, e.g., Baker v. Baker,* 444 A.2d 982, 986 (Me. 1985) (achieving division by requiring sum of money be paid one party or mortgage be given on that party's separate property); *Zillert v. Zillert,* 395 A.2d 1152, 1156–58 (Me. 1978) (giving one party option to purchase other party's equitable share or partitioning property). Because we remand the case for a redetermination of all economic issues, we do not address the other contentions of the parties.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

