2000 ME 101

**Pepper L. ROBINSON**

v.

**Curtis S. ROBINSON.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1999.

Decided May 26, 2000.

C. Peter Bos (orally), Gray & Palmer, Bangor, for plaintiff.

Judy Potter (orally), Cape Elizabeth, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Pepper Robinson appeals from a divorce judgment entered in the Superior Court (Hancock County, *Mead. J.*). Pepper contends, inter alia, that the court erred (1) when it ordered a closely held corporation, Thistle Productions, Inc., incorporated in Arizona and owned by the parties, but not itself a party in the case, to pay spousal support to Curtis along with the costs of the divorce; (2) when it ordered that Pepper pay any support that Thistle Productions failed to pay; and (3) when it ordered that Curtis remain a fifty percent shareholder of Thistle Productions as security for payment of all sums due Curtis under the divorce judgment. Finding no error or abuse of discretion, we affirm the judgment.

[¶ 2] Pepper and Curtis were married on February 4, 1984. During the course of their marriage they had three children. After separating, Curtis moved from Arizona to Maine, and filed a complaint for divorce here on July 20, 1995.

[¶ 3] The major marital asset was stock ownership in Thistle Productions, a closely held media production company organized under Arizona law and generally operated in Arizona.[1] From 1989 to 1995, both Pep-

---

1. The parties contest whether Thistle Productions owns property or ever did business in Maine. Curtis points to his exhibit 8; this exhibit, however, is a list of the property owned by Pepper, Curtis, and Thistle Productions, and does not by itself support the contention that any of the property ascribed to Thistle Productions was located in Maine.

per and Curtis were employed full time by the corporation. Each owns a fifty percent interest in the corporation. The corporation had gross income of only $5,000 in 1984, and grew rapidly, with $1,182,000 in gross receipts in 1995.

[¶ 4] The trial court noted that the Robinsons had been using corporate funds to pay their personal expenses, and then debiting these expenses as salary against their respective accounts. In an interim order, the court determined that Pepper should remain in control of the corporation, and that the practice of using corporate funds should continue pending the divorce. The court ordered that each party receive one-third of the corporation's net receipts. The remaining one-third of net receipts was ordered into an escrow account. Upon written agreement of both parties, the court authorized funds from this account being used to pay expenses related to the divorce and their children. The interim order also required that the corporation continue to pay the Robinsons' respective personal expenses, allocating such payments as salary.

[¶ 5] In its final order, the court found that Pepper, as the party in control of Thistle Productions, had failed to comply with the interim order and ordered her to pay Curtis $249,000 in arrearage. The final order imposed no obligations on Thistle Productions.

[¶ 6] The court found that much of the corporation's value derived from Pepper's creative talents and Curtis's managerial skill. Although the corporation was successful, the court found that it lacked liquidity. Based on income and salary figures, profit and loss statements, balance sheets, and expert appraisals, the court valued the corporation at $500,000. Because the effort of both parties was integral to the establishment and expansion of the corporation, the court determined that the value of the corporation should be divided equally. The court, therefore, ordered that Curtis be paid for his $250,000 share of the corporation. Because a single

lump sum payment would "devastate" the corporation, the court ordered that Pepper pay $75,000 to Curtis every year until he was fully paid in full. In the interim, Curtis was to remain a fifty percent shareholder in the corporation.

[¶ 7] The court went on to provide for the division of other marital property, and in addition, entered several orders relating to custody of and visitation with the children, provisions that are not challenged in this appeal filed by Pepper.

## I. JURISDICTION OVER THISTLE PRODUCTIONS

[¶ 8] Pepper contends that the court erred when it ordered that Thistle Productions make payments to Curtis because Thistle Productions was a separate legal entity that was neither a named party before the trial court nor otherwise a party over which that court could properly exercise jurisdiction.

[¶ 9] Generally, courts are afforded a very broad discretion when determining property division and alimony in divorce cases, and such determinations are reviewed for an abuse of that discretion. *See Arey v. Arey,* 651 A.2d 351, 353 (Me. 1994). "Absent a violation of some positive rule of law, we will overturn the trial court's decision 'only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument.'" *Williams v. Williams,* 645 A.2d 1118, 1123 (Me.1994) (quoting *Anderson v. Anderson,* 591 A.2d 872, 874 (Me.1991)).

[¶ 10] Pepper relies on our decision in *Sweeney v. Sweeney,* 534 A.2d 1290 (Me. 1987), to contend that because Thistle Productions is an Arizona corporation with no connection to Maine, the court had no jurisdiction over the corporation, and accordingly, had no authority to impose upon it an obligation of support for which Pepper is responsible. In *Sweeney,* the trial court had ruled upon the ownership of certain property pursuant to a divorce. *See id.* at 1292. The property at issue was in the

possession of the wife's father, a Connecticut resident, who claimed ownership but was not a party in the case. *See id.* The trial court found that the property was owned by the couple's minor daughter, also not a party. On appeal, we concluded that, because neither of the persons who claimed ownership were before the court, such a determination was improper. *See id.* Pepper contends that any distinct legal entity, such as Thistle Productions, must be a named party within a court's jurisdiction before that court may make rulings concerning the entity. We disagree.

■ [¶ 11] Here, stock in Thistle Productions was the main source of marital wealth. The court had given Pepper exclusive control of the corporation. All business decisions were made by her. As such, Pepper alone is the real party-in-interest, and Thistle Productions was represented in all but name before the court. The trial court acted on the reasonable assumption that Thistle Productions and Pepper were essentially the same party.[2] Moreover, in its final order, the court made no attempt to impose any obligation on Thistle Productions.

## II. VALUATION OF THISTLE PRODUCTIONS

■ [¶ 12] Pepper also contends that the trial court erred when it concluded that the value of Thistle Productions was $500,000. We review the trial court's determination of the value of marital property for clear error. *See Sewall v. Saritvanich,* 1999 ME 46, ¶ 22, 726 A.2d 224, 229. Pepper's expert valued the corporation at $184,000, while Curtis's expert testified that the value of the corporation was $800,000. We have previously held that "any estimate that is within the range of expert opinion is valid provided the presiding justice reached his own conclusion through an independent review of the evi-

dence." *Shirley v. Shirley,* 482 A.2d 845, 849 (Me.1984). Here, the trial court took several factors into account, including income and salary figures, corporate balance sheets, profit and loss statements, the loss of two recent accounts, offers to purchase the corporation, and the two expert appraisals. Because the court determined that value of the corporation after an independent review of the evidence, and because that value is within the range of expert opinion, the court's decision was not clearly erroneous.

## III. DIVISION OF STOCK OWNERSHIP

■ [¶ 13] Pepper argues that the trial court erred when it ruled that both Pepper and Curtis were to remain fifty percent owners of Thistle until Curtis had been cashed out. We disagree. In divorce proceedings, the trial court "shall divide the marital property in proportions the court considers just after considering all relevant factors." 19-A M.R.S.A. § 953(1)(1998). "Issues arising out of a divorce action, such as property division, alimony, custody and child support, are within the court's sound discretion, and the judgment of the court on such matters is entitled to substantial deference." *Knight v. Knight,* 680 A.2d 1035, 1037 (Me.1996) (internal citations omitted).

■ [¶ 14] We have recently indicated that when dividing marital property the "court should endeavor to divide the marital property in such a manner as to avoid continued financial interaction between the parties." *Berry v. Berry,* 658 A.2d 1097, 1099 (Me.1995). We have also dealt specifically with the situation in which a close corporation, owned equally by a husband and wife, was divided at the time of their divorce, and ruled that maintaining an arrangement in which the parties were financially intertwined was to be avoided. *See*

---

2. There was no formal finding by the court that Pepper is effectively the "alter ego" of Thistle Productions. *See* I WILLIAM MEADE

FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.70, at 686 (Rev. ed.1999).

*Smith v. Smith,* 1997 ME 29, ¶ 4, 690 A.2d 970, 972. It is within the trial court's discretion, however, to order that a party give the other a security interest in property. *See Baker v. Baker,* 444 A.2d 982, 986 (Me.1982).

[¶ 15] Here, the court ordered that Curtis remain a fifty percent owner of Thistle Productions until such time as he is paid for his interest in the corporation. The order in effect provides Curtis with a security interest while facilitating the stock purchase and avoiding the destruction of the business. Pepper remains in control of the corporation, avoiding action that could paralyze the operation of the business. The court has set clear limits on the duration and scope of the arrangement. The majority of the corporation's value is not liquid, it is unrealistic to order that Curtis be paid for his share in the corporation in a single sum. Accordingly, in these circumstances, the court acted within its discretion when it concluded that Curtis remain a fifty percent shareholder until such time as Pepper fully purchased his interest.

[¶ 16] The remaining contentions raised by Pepper are without merit.

The entry is:

Judgment affirmed.