MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 29
Docket:        Was-22-50
Submitted
  On Briefs:   November 17, 2022
Decided:       May 11, 2023

Panel:        STANFILL, C.J., and MEAD, JABAR, CONNORS, and LAWRENCE, JJ.

CANDY A. (BRIDGES) LITTELL

v.

COLE G. BRIDGES

STANFILL, C.J.

[¶1]  Cole G. Bridges appeals from a judgment of divorce from Candy A. (Bridges) Littell entered by the District Court (Calais, *Budd, J.*).  In his appeal, Bridges argues that the court erred in its valuation and classification of a Cessna airplane and lacked jurisdiction to dissolve Cole G. Bridges Wild Blueberry LLC (Wild Blueberry LLC).  We vacate the judgment as to the disposition of property and the dissolution of Wild Blueberry LLC and remand.

## I.  BACKGROUND

[¶2]  Bridges and Littell were married in 1992 and have three adult children together.  In 2019, Littell filed for divorce, but she voluntarily dismissed the complaint in June 2019.  *See* M.R. Civ. P. 41(a)(1). On January 10, 2020, Littell filed for divorce a second time.  The final divorce hearing began on

2

September 14, 2021, continued on November 4 and 5, 2021, and concluded on February 1, 2022.

[¶3] Based on the evidence presented during the hearing, the court found the following facts. Bridges's extended family has been involved in the blueberry farming industry for about one hundred years. Bridges and Littell have been involved in several blueberry farming businesses, including Wild Blueberry LLC, during their marriage. Bridges and Littell are the sole members of Wild Blueberry LLC and agree that their interests in Wild Blueberry LLC are marital.

[¶4] During the marriage, the parties acquired multiple real property interests and a "universe of personal property items." A significant personal property issue in the case involved two airplanes, a Cessna and an Aviat Husky.

[¶5] The Cessna was owned by one of the businesses that the Bridges family operated, Bridges Wild Blueberry Co., Inc. In 2013, the business sold the Cessna to Bridges.[1] After the first divorce suit was filed, Bridges transferred the

---

[1] Multiple witnesses testified that they believed that Bridges was supposed to inherit the Cessna. Other evidence in the record, however, indicates that Bridges's father transferred the airplane to Bridges Wild Blueberry Co., Inc., ten years before his death. Regardless, the court found—as supported by competent evidence—that the Cessna was owned by Bridges Wild Blueberry Co., Inc., following Bridges's father's death and that it did not pass directly to Bridges through Bridges's father's will. Even on appeal, Bridges acknowledges that "[t]he Cessna was an asset of Bridges Wild Blueberry Company" and that Bridges came into ownership of the airplane through a later transaction with Bridges Wild Blueberry Co., Inc.

Cessna to his mother. Bridges's mother intended to return the Cessna to Bridges after the divorce was finalized. Bridges testified that the Cessna was worth $150,000, and Littell testified that the Cessna was worth $185,000.

[¶6] The court found that the parties did not dispute that the Aviat was "marital in character, and [it] is an asset of" Wild Blueberry LLC.[2] Bridges also purported to transfer that airplane to his mother. As with the Cessna, Bridges's mother intended to return the Aviat to Bridges after the divorce was finalized.

[¶7] The court entered a judgment of divorce on February 15, 2022. The court ordered the parties to "sell [Wild Blueberry LLC's] assets, divide the proceeds and then dissolve its corporate existence." It classified the Cessna as marital property because Bridges purchased the airplane during the marriage with marital property. The court valued the Cessna at $150,000 and the Aviat at $125,000 and distributed both to Bridges. The court found that Bridges's transfer of the airplanes to his mother constituted economic misconduct; it also

---

[2] The court also found that "[b]oth planes are, at the moment, owned by [Bridges's] mother." Indeed, it does not appear that Wild Blueberry LLC ever had title to the Aviat. Rather, it appears that Bridges purchased it in his personal capacity in 2006 and continued to own it in his personal capacity until he transferred the airplane to his mother. Although the Aviat was used to secure a loan from the USDA to Wild Blueberry LLC, it appears that the parties may have also been individually responsible for that loan. Whether it belonged to Bridges individually or to Wild Blueberry LLC does not change the analysis; it is now in the hands of Bridges's mother.

noted that Littell filed a separate lawsuit in Superior Court alleging a fraudulent transfer of the airplanes.[3]

[¶8] Bridges timely appealed the court's judgment. *See* 19-A M.R.S. § 104 (2023); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶9] Bridges argues that the court did not have jurisdiction over Wild Blueberry LLC and thus could not order its dissolution. Additionally, Bridges asserts that the court erred in its valuation and classification of the Cessna.

### A. Jurisdiction over nonparties

[¶10] We first consider whether the court lacked jurisdiction over Wild Blueberry LLC and, relatedly, whether the court lacked jurisdiction to distribute the airplanes. *See Howard v. Howard*, 2010 ME 83, ¶¶ 10-12, 2 A.3d 318. The limit of a trial court's jurisdiction is an issue of law that we review de novo. *Id.* ¶ 10.

### 1. Jurisdiction over Wild Blueberry LLC

[¶11] Bridges first contends that the court lacked jurisdiction to dissolve Wild Blueberry LLC. "In a divorce proceeding, the District Court has subject

---

[3] On appeal, Bridges does not challenge the finding of economic misconduct.

matter jurisdiction to determine the ownership interests of the spouses in order to divide their marital property." *Id.* ¶ 11. However, "[a] person or entity must be a party to a case in order for the court to have personal jurisdiction." *Id.* ¶ 12. Thus, because "[a] limited liability company is an entity distinct from its members," 31 M.R.S. § 1504(1) (2023), courts may not exercise personal jurisdiction over an LLC in a divorce action because an LLC is not a party, *see Howard*, 2010 ME 83, ¶ 12, 2 A.3d 318.[4]

[¶12] We conclude that the court did not have jurisdiction over Wild Blueberry LLC because Wild Blueberry LLC was not a party and is a distinct legal entity from Bridges and Littell. Moreover, an LLC may not be dissolved as part of a judgment of divorce. "Maine's Limited Liability Company Act provides that a court may order dissolution of an LLC only in certain circumstances. . . . [It] does not recognize the divorce of one or more of the parties who created an LLC as a basis for dissolution."[5] *Ahern v. Ahern*, 2008

---

[4] In *Robinson v. Robinson*, 2000 ME 101, ¶ 11, 751 A.2d 457, we recognized a narrow exception to this rule and held that a divorce court may exercise personal jurisdiction over a third-party business that is "represented in all but name before the court" such that the spouse and corporation are "essentially the same party." Here, although Bridges and Littell are the only members of Wild Blueberry LLC, *Robinson* is inapplicable. In contrast to the court in *Robinson*, the court here did not allocate the entire interest in the marital business to one spouse, and, "given the acrimony between [Bridges and Littell] and the disregard each has for the other's reliability," Wild Blueberry LLC was not "represented in all but name before the court." *Id.*

[5] Title 31 M.R.S. § 702 (2006), the iteration of the Maine Limited Liability Company Act cited in *Ahern v. Ahern*, 2008 ME 1, ¶ 20, 938 A.2d 35, has since been repealed and replaced, but its replacement similarly does not include divorce in its exhaustive list of circumstances in which courts

6

ME 1, ¶ 20, 938 A.2d 35; *see also* 31 M.R.S. § 1595(1) (2023).  Indeed, generally the District Court does not have jurisdiction to dissolve an LLC; such an action must be brought in the Superior Court.  31 M.R.S. § 1595.  Although courts should "avoid creating situations where the divorced parties remain in joint management of . . . income producing property," *Smith v. Smith*, 1997 ME 29, ¶ 4, 690 A.2d 970 (quotation marks omitted), they may not exceed their jurisdictional limitations in pursuit of this goal.  For these reasons, the court erred in ordering the dissolution of Wild Blueberry LLC as part of the judgment of divorce.

[¶13]  To be clear, although it lacked jurisdiction to dissolve Wild Blueberry LLC, the court had jurisdiction over the marital personal property owned by the parties, which included their respective fifty percent membership interests in Wild Blueberry LLC.  The court could have set aside some or all of the membership interest of either party to the other, or it could have left each party with a fifty percent interest.  What it could not do was dissolve the company.

---

can order the dissolution of an LLC.  *See* P.L. 2009, ch. 629, §§ A-1, A-2 (effective July 1, 2011) (codified at 31 M.R.S. § 1595(1) (2023)).

## 2.      Jurisdiction to distribute the airplanes

[¶14]  Relatedly, Bridges contends that a court cannot order, as part of a divorce judgment, a nonparty to sell or transfer assets.  *See* 19-A M.R.S. § 953 (2023).  Although he raised this argument in the context of Wild Blueberry LLC's assets, we note that the court distributed the Cessna and the Aviat to Bridges despite recognizing that "[b]oth planes are, at the moment, owned by [Bridges's] mother."

[¶15]   "As we [have] articulated, the District Court lacks personal jurisdiction over a non-party to a divorce action."  *King v. King*, 2013 ME 56, ¶ 21, 66 A.3d 593.  A party to a divorce "must institute a separate action against a third party to resolve disputes over property."  *Id.*  Here, the Cessna was owned by Bridges's mother and not Bridges or Littell at the time of the divorce and, consequently, was not part of the marital estate subject to division.  *See Howard*, 2010 ME 83, ¶¶ 11-12, 2 A.3d 318.

[¶16]  The Aviat is somewhat trickier.  It is not clear from the court's findings whether the Aviat is currently owned by Wild Blueberry LLC or by Bridges's mother.  *See supra* ¶ 6 & n.2.  Whether owned by Wild Blueberry LLC or Bridges's mother, the Aviat would be outside the marital estate as nonparty property and thus not subject to distribution in this proceeding.  *See* 31 M.R.S.

8

§ 1505(2) (2023); *see also Janvier v. Janvier*, No. CV-13-139, 2017 Me. Super. LEXIS 70, at *7 (May 11, 2017) ("[A]n LLC is an entity distinct from its members and members do not have a property interest in the property of the LLC.").[6]

[¶17]  In short, the court erred in distributing to the parties property presently owned by nonparties.  Accordingly, we vacate the court's judgment as it relates to the property distribution.

## B.    Classification and valuation of the Cessna airplane

[¶18]  Bridges next contends that the court erred in its classification and valuation of the Cessna airplane.  We review the classification and valuation of property for clear error.  *Wandishin v. Wandishin*, 2009 ME 73, ¶ 12, 976 A.2d 949.

[¶19]  Although the court lacked the authority to distribute the Cessna, the Cessna's valuation and classification remain relevant on remand.  The court found that Bridges's transfer of the airplanes to his mother constituted economic misconduct,[7] and it is entitled on remand to determine how much these transactions "unreasonably and inappropriately diminished *the value of*

---

6  Despite its order setting aside the Aviat to Bridges and finding that the Aviat was an asset of Wild Blueberry LLC, the court also acknowledged that it could not "simply order [Wild Blueberry LLC] to distribute individual items of equipment or property to [Littell or] Bridges individually."

7  If Littell's fraudulent transfer action has been decided before the trial court considers this divorce on remand, the consequences of that action should be taken into account.

*the marital estate."* *Harper v. Harper*, 2017 ME 171, ¶ 14, 169 A.3d 385 (emphasis added). Thus, we must address Bridges's contentions that the Cessna was not part of the marital estate and that its value was nominal.

[¶20] Property obtained during a marriage is presumed marital, but it is nonmarital if a spouse obtained it by gift, bequest, devise, or descent. 19-A M.R.S. § 953(2)(A). The party attempting to characterize the property as nonmarital bears the burden of rebutting the statutory presumption. *Spooner v. Spooner*, 2004 ME 69, ¶ 8, 850 A.2d 354. Bridges asserts that he obtained the Cessna by bequest or, in the alternative, by gift.

[¶21] The court did not commit clear error in finding that Bridges failed to overcome the statutory presumption that the airplane—which he obtained during the marriage—was marital. Bridges did not obtain the Cessna by bequest because competent evidence in the record supports the finding that Bridges obtained the airplane from Bridges Wild Blueberry Co., Inc., four years after his father's death. Likewise, we find no clear error in the court's determination that Bridges purchased the airplane from Bridges Wild Blueberry Co., Inc., because competent evidence in the record suggests that Bridges gave consideration in exchange for the Cessna.

[¶22] Similarly, the court did not err in finding the value of the Cessna to be $150,000. "The value of the parties' property is determined as of the time it is to be distributed . . . ." Levy, *Maine Family Law* § 7.8[1] at 7-64 (8th ed. 2013). The parties to a divorce "may testify and give their opinion as to the value of [their] property." *Wandishin*, 2009 ME 73, ¶ 13, 976 A.2d 949. "As with any other testimony or evidence, the court may then evaluate the credibility of that evidence and reach a conclusion which accepts the valuation offered by one or the other of the witnesses . . . ." *Id.* Here, Bridges—"a veteran pilot and experienced airplane mechanic"—testified that the airplane was worth $150,000. Accordingly, the court did not err in accepting Bridges's testimony and finding that the Cessna was worth $150,000 at the time of its order.

## III. CONCLUSION

[¶23] The court erred when it ordered the dissolution of Wild Blueberry LLC because it lacked jurisdiction to do so. It also erred in setting aside personal property—the airplanes—to Bridges when that property was not owned by Bridges or Littell. Because the court erred in its personal property distribution, on remand the court may "reevaluate the property distribution."

*Mitchell v. Mitchell*, 2022 ME 52, ¶ 10, 284 A.3d 89.  Accordingly, we vacate the

court's judgment as it relates to the entire property distribution.[8]


The entry is:

> Judgment vacated as to the distribution of property.  The remainder of the judgment is affirmed.  Remanded for further proceedings consistent with this opinion.

Maxwell G. Coolidge, Esq., Ellsworth, for appellant Cole G. Bridges

Donald F. Brown, Esq., Don Brown Law, P.C., Brewer, for appellee Candy A. Bridges

Calais District Court docket number FM-2020-5
For Clerk Reference Only

---

[8] We note that the trial judge in this case has since retired.  On remand, the court may, in its exercise of sound discretion, decide the case based on the existing record or receive additional evidence.