MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2026 ME 35
Docket:        Pen-24-587
Submitted
  On Briefs:   September 24, 2025
Decided:       April 16, 2026

Panel:         STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, and LIPEZ, JJ.


TINA M. ADAMS

v.

MICHAEL A. DELONG


LAWRENCE, J.

[¶1]  Michael A. Delong appeals from a judgment of divorce entered by the District Court (Bangor, *Dufour, J.*) on Tina M. Adams's complaint.  The court incorporated the parties' partial settlement agreement and then addressed the remaining contested issues, which included the disposition of real estate in Bucksport and an airplane acquired during the marriage, and the dissolution of a jointly owned limited liability company (LLC).  Delong contends that the court abused its discretion in the division of the Bucksport real estate, erred when it determined that the airplane was used for personal rather than business use, and erred when it valued the airplane at $37,500.  Delong also argues that an LLC cannot be dissolved in a judgment for divorce.  Although the court did not abuse its discretion in determining that the airplane was used for personal and

not business purposes, it erred in finding the airplane was worth $37,500 and it lacked jurisdiction to dissolve the LLC. Therefore, we vacate the distribution of the Bucksport real estate, the valuation of the airplane, and the dissolution of the LLC, but affirm the divorce judgment in all other respects. We do not consider the division of the Bucksport real estate in this opinion because the court must reconsider its division of the contested portions of the marital estate.

## I. BACKGROUND

[¶2] The following facts are drawn from the procedural record and the court's findings of fact, which are supported by competent evidence in the record except as indicated. *See Buck v. Buck*, 2015 ME 33, ¶ 5, 113 A.3d 1095.

[¶3] Adams filed a complaint for divorce on December 29, 2020. The parties entered into a partial settlement agreement, which left the disposition of the marital real estate, the alleged misuse of funds, and the disposition of an airplane as the only identified contested issues. On October 28, 2024, the court heard testimony from the parties on the contested issues. The court entered a divorce judgment on December 11, 2024,[1] and found the following facts.

---

[1] Later, upon stipulation by the parties, the court entered an amended divorce judgment on January 30, 2025, to account for any potential proceeds of Adams's pending personal injury lawsuit. The changes are not relevant to the present appeal.

[¶4]  The parties were married in 2006.  In 2018, the parties purchased real estate in Bucksport for $73,000.  Both parties initially contributed to the upkeep and renovations of the real estate.  In 2020, the parties began operating the real estate as a short-term rental business.  The parties established an LLC to operate the short-term rental business.[2]

[¶5]  In June 2022, Adams obtained a protection from abuse (PFA) order, prohibiting Delong from having contact with her or going to the Bucksport real estate.  From June 2022 onward, Adams has operated and maintained the short-term rental business on her own, including by repairing and renovating the real estate through substantial painting and improvements to the roof, pool, and electrical system; interacting with guests; and cleaning the rental units between guests.  The court found that Delong could not assist with this maintenance or operate the business because of the PFA order, the existence of which was "of his own doing."

[¶6]  The parties decided to sell the Bucksport real estate in 2022.  Adams prepared the real estate for sale, readied it for showings, and conducted tours of the property for potential buyers entirely on her own.  As of October 2024,

---

[2] The court did not make findings regarding the LLC and addressed the LLC only in its conclusions of law.

4

the Bucksport real estate was under contract for $862,000. Any increase in the value of the real estate from 2022 to the time of the judgment was attributed to Adams for her significant contributions to the real estate's value and her sole efforts to maintain, improve, and sell the real estate. The court noted no evidence was introduced regarding the value of the real estate in June 2022 or the value of the improvements made by Adams, but nevertheless found Adams increased the value of the real estate.

[¶7] The parties shared a joint bank account to operate the short-term rental business. Over several months, Delong removed up to $6,000 from the joint account for expenses not related to the business, which the court found to be a misuse of funds.[3] The court noted that Delong testified that he withdrew $3,600 for a roofing project that was never completed. The court also noted that Delong testified that he made withdrawals to match Adams's expenses but did not state that those withdrawals were used for the short-term rental business in any manner.

[¶8] In October 2022, Adams transferred the remaining funds in the joint account to a private account after Delong removed nearly all of the funds. The court found Adams made a reasonable decision under the circumstances to

---

[3] Delong disagrees with but does not challenge on appeal the finding that he misused the funds.

secure the funds in a separate account. Adams continued to use the transferred funds for the short-term rental business and not for personal use.

[¶9] The court also heard testimony regarding a 2009 SeaRey airplane, which the court found to be marital property. There was insufficient evidence to support Delong's claim that the airplane was used primarily for his business—unrelated to the LLC and known as Delong's Marine Service—which the parties had agreed would be "set aside" to Delong and not divided by the court. The court found the parties provided similar estimates for the value of the airplane and decided to assign a value between the two estimates at $37,500. Delong indicated the airplane was worth $35,000 in his financial statement, and the court stated that Adams requested the court to assign a value of $40,000 to the airplane. There is no evidence in the record supporting a value of $40,000, and Adams does not address the court's valuation of $40,000 in her brief. In her financial statement from 2021, Adams estimated the airplane was worth $55,000.

[¶10] The court made the following conclusions of law and distributed the real estate accordingly. The court awarded Adams 60% of the value of the

6

Bucksport real estate due to Adams's sole efforts and expenses to maintain and improve the buildings and the business after June 2022.[4]

[¶11]  In conjunction with the sale of the Bucksport real estate, the court ordered the dissolution of the LLC within two months of the sale of the real estate.  The court ordered any profit held by the LLC at that time to be distributed to pay for the costs advanced by Adams and any remaining funds to be divided equally between Adams and Delong.

[¶12]  The court determined that the airplane was a marital asset.  The court valued the airplane at $37,500.  The court awarded the airplane to Delong and ordered Delong to either pay Adams $18,750 for her marital interest or sell the airplane and equally divide the proceeds.

[¶13]  Delong timely filed an appeal.  M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶14]  On appeal, Delong claims the court erred in its division of the Bucksport real estate, its determination that the airplane was not used primarily for business purposes, its valuation of the airplane, and its dissolution of the LLC.  As we discuss below, the court erroneously assigned the airplane a

---

[4]  The Bucksport real estate has since sold for $862,000 with 10% placed in escrow pending the outcome of this appeal.  Adams filed a motion for contempt against Delong for refusing to disburse these funds immediately.  The court deferred ruling on the motion until the resolution of this appeal.

value of $37,500 and did not have jurisdiction to dissolve the LLC. Therefore, we need not address Delong's arguments regarding the division of the Bucksport real estate, as the court may change the division upon reconsideration of its treatment of the airplane and the LLC.[5] *See Macdonald v. Macdonald*, 532 A.2d 1046, 1050 (Me. 1987) (vacating and remanding the remainder of a divorce judgment for the court to "reexamine and readjust as necessary . . . the distribution of property in light of its changes" in the reallocation of other property).

---

[5] To be clear, we note that as originally ordered, the court's division of the Bucksport real estate was not an abuse of discretion, as the court could find that Adams should receive a greater share based on her work to maintain, improve, finance, and sell the real estate in the wake of the PFA order and Delong's misuse of the funds dedicated to maintaining the real estate. *See Viola v. Viola*, 2015 ME 6, ¶ 9, 109 A.3d 634 (holding that the distribution of property must be supported by "competent evidence in the record" and that the court must consider the relevant factors in 19-A M.R.S. § 953(1) (2026) (quotation marks omitted)). We note that the court appeared to find that Adams paid for costs, taxes, and maintenance "on her own." However, the court also found that she had sole control of the LLC account, except for the $6,000 removed by Delong, and was apparently using the rental income—which was a marital asset of the LLC—to pay for some if not all of the costs. The court did not appear to take into consideration the income received, just the expenses incurred during her period of sole control.

We also note that there was no evidence of the value of the property in 2022, as the trial court found. Although the trial court assumed there was an increase in the value after 2022, the only evidence in the record is that the property was listed for sale at $1.4 million in 2022, and that it sold for $862,000 in 2024.

8

## A.    The Airplane

### 1.    Use of the Airplane

[¶15]  Delong argues that the court erred by not distributing the airplane to him as a business asset because the parties previously agreed that his business, Delong's Marine Service, would be "set aside" to him and not distributed to Adams.  Delong contends that he purchased the airplane for his business to aid in inspecting docks and ramps to ensure the security of the equipment for his clients and thus it should go to him as part of the business. Adams does not agree that the airplane was part of the business.  She argues that the airplane is presumed to be marital property because it was purchased during the marriage and we should not second-guess the court's credibility determination regarding Adams's testimony about the extent of the use of the airplane for personal rather than business purposes.

[¶16]  We review the court's division of property in a divorce action for an abuse of discretion.  *Murphy v. Murphy*, 2003 ME 17, ¶ 27, 816 A.2d 814. "Property acquired during a marriage is statutorily presumed to be marital property" under 19-A M.R.S. § 953(3) (2026).  *Nou v. Hout*, 2025 ME 44, ¶ 23, 335 A.3d 603.  We defer to the "court's determination of witnesses' credibility and its resolution of conflicts in testimony."  *Id*. ¶ 22 (quotation marks omitted).

[¶17] The airplane was purchased during the marriage and is therefore presumed to be marital property. *See id*. ¶ 23. The question then is whether the airplane should have been considered a business asset and, as such, "set aside" to Delong along with Delong's Marine Service pursuant to the parties' partial settlement agreement.[6]

[¶18] Here, the court heard testimony from Delong that the "sole use for the airplane" was for his business regardless of any enjoyment had while using the airplane and that the airplane significantly reduced his workload. Adams testified that Delong "did not go checking all these moorings and everything else that he says he does, but it was used for—for pleasure." Even though Adams did concede that Delong may have used the airplane for work "a few times," she insisted the plane was used primarily "for pleasure all the time."

[¶19] Delong provided no further evidence beyond his testimony that the airplane was part of his business and should be "set aside" to him as part of Delong's Marine Service. The court did not err as it had the authority as the fact finder to resolve the conflicting testimonies, and Adams's testimony supports the court's finding. *See id*. ¶ 22. Therefore, we affirm the conclusions that the

---

[6] The court seemingly treated Delong's Marine Service as marital property when dividing the marital estate, as it stated, under the discussion of intangible personal property, that "[t]he business known as Delong's Marine [Service] shall be set aside to [Delong]."

airplane was marital property and was not a business asset of Delong's Marine Service.

### 2. Value of the Airplane

[¶20] Delong argues that the court erred in setting the value of the airplane at $37,500 due to insufficient evidence. Delong asserts that the court erroneously relied on an estimate of $40,000, did not consider the damaged and disassembled condition of the airplane, and erroneously considered the 2021 value of the airplane instead of its value at the time of property distribution. Adams argues that the court had sufficient evidence to determine that the value of the airplane is $37,500 because Delong did not file a motion for further findings of fact pursuant to Maine Rule of Civil Procedure 52, and therefore we should "assume that the court implicitly made all findings consistent with the evidence" necessary to support the judgment.

[¶21] The determination of the value of marital property is reviewed for clear error. *Bernsten v. Bernsten*, 2017 ME 111, ¶ 13, 163 A.3d 820. The court was required to "determine the marital property's value by conducting an independent review of the evidence presented by the parties." *Bolduc v. Bolduc*, 2023 ME 54, ¶ 12, 301 A.3d 771. "The court's valuation of assets must reflect a

reasoned evaluation by the court of all of the evidence." *Bernsten*, 2017 ME 111, ¶ 13, 163 A.3d 820 (quotation marks omitted).

[¶22]   At trial, neither party testified to the estimated value of the airplane.  The court therefore had only the financial statements submitted in March and April of 2021, in which Delong estimated the value to be $35,000 and Adams estimated the value to be $55,000, and Delong's testimony that the airplane was "completely disassembled" and damaged at the time of the hearing.  No evidence in the record supports the value of $40,000 relied on by the court.[7]   Accordingly, the court erred in using the $40,000 amount to determine the value of the airplane and erred in assigning a value of $37,500 to the airplane as this did not reflect a reasoned evaluation.  *See Bernsten*, 2017 ME 111, ¶ 13, 163 A.3d 820.  Therefore, we vacate the judgment as to the value of the airplane and remand for further findings.

## B.     Dissolution of the LLC

[¶23]  Delong, citing *Littell v. Bridges*, 2023 ME 29, ¶ 12, 293 A.3d 445, argues that the court lacked jurisdiction to order the dissolution of the jointly

---

[7]  The value of $40,000 is found only in Adams's proposed judgment filed with the court on October 28, 2024, *as her requested half-share of the airplane* that she valued—for the first time in the record—at $80,000.  As Delong noted, nowhere in the record does Adams estimate the total value of the airplane to be $40,000.

owned LLC because an LLC may not be dissolved as part of a judgment of divorce. Adams contends that the LLC falls under an exception that allows a divorce court to exercise personal jurisdiction over a third-party business if the business was "represented in all but name before the court" and the court acted on the "reasonable assumption" that a spouse and the business "were essentially the same party." *Robinson v. Robinson*, 2000 ME 101, ¶ 11, 751 A.2d 457.

[¶24] We review the jurisdiction of a court de novo. *Howard v. Howard*, 2010 ME 83, ¶ 10, 2 A.3d 318. A court can obtain personal jurisdiction only over the parties to a case, and a court "may not exercise personal jurisdiction over an LLC in a divorce action" because an LLC "is an entity distinct from its members" and therefore not a party to divorce. *Littell*, 2023 ME 29, ¶ 11, 293 A.3d 445.

[¶25] The exception argued by Adams does not apply to the dissolution of an LLC and instead applies to other actions a court may take such as the assignment of an interest or payment. *See Robinson*, 2000 ME 101, ¶¶ 8-11, 751 A.2d 457 (holding that the company and spouse were essentially the same entity in a judgment regarding distribution of payments to the other spouse). "Moreover, an LLC may not be dissolved as part of a judgment of divorce."

*Littell*, 2023 ME 29, ¶ 12, 293 A.3d 445 (noting that 31 M.R.S. § 1595 (2026) does not "include divorce in its exhaustive list of circumstances in which courts can order the dissolution of an LLC"). Therefore, the court did not have jurisdiction to dissolve the LLC, and we vacate and remand for the court to consider how to distribute the shares of membership interests in, or ownership of, the LLC, as opposed to its assets, as part of the marital estate.

### III. CONCLUSION

[¶26] We conclude that the court did not abuse its discretion by finding that the airplane was marital property subject to division. However, the court erred in assigning the airplane a value of $37,500 because the court did not rely on facts in evidence in doing so. The court also lacked jurisdiction to dissolve the LLC in the judgment for divorce. Therefore, we affirm the divorce judgment in part and vacate it in part and remand for reconsideration of the distribution of the proceeds from the Bucksport real estate, the valuation of the airplane, and the disposition of the property interest in the LLC.

The entry is:

> Judgment vacated with respect to the distribution of the proceeds from the Bucksport real estate, the valuation of the airplane, and the dissolution of the LLC. Judgment affirmed in all other respects. Remanded for further proceedings consistent with this opinion.

C. Peter Bos, Esq., Gray & Palmer, Bangor, for appellant Michael A. Delong

Bronson Stephens, Esq., Fort Knox Law, LLC, Bucksport, for appellee Tina M. Adams

Bangor District Court docket number DIV-2020-519
FOR CLERK REFERENCE ONLY