Teresa R. ANDERSON

v.

David S. ANDERSON.

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1991.
Decided May 30, 1991.

---

Susan E. Bowie, Portland, for plaintiff.

Arthur H. Bloomburg, Bridgton, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Defendant David S. Anderson appeals from a divorce judgment entered in the Superior Court (Cumberland County, *Cleaves, J.*). On appeal he challenges the court's order that he pay plaintiff Teresa R. Anderson $25,000, representing her share of the equity in their marital residence. We affirm, rejecting the husband's contention that the court should not have counted the wife's contributions to the construction and finishing of the house prior to the couple's marriage or prior to the date that the husband transferred the property to himself and his wife as joint tenants.

Beginning in August 1985, while they were engaged, the husband and wife began to plan the construction of a house on a lot of some six acres in Sebago owned by the husband's grandfather. During the period between August 1985 and the date of their marriage on June 28, 1986, the couple worked together as the general contractors on the project. The wife, who was employed by an engineering firm, designed the house. The husband, who worked for his father's construction company, cleared the site. The wife also provided $3,000 toward the cost of pouring the foundation.

In April 1986, after beginning construction, the couple applied for a mortgage. Neither realized until then that the husband's grandfather had conveyed the land only to his grandson and not to the couple jointly. Consequently, the husband alone was obligated on the mortgage note. The couple shared the mortgage payments, however, by depositing their roughly equivalent paychecks into a joint savings account from which the bank made automatic withdrawals.

After their marriage, the couple moved into the yet unfinished house and spent the next few months working together and with their families to finish construction. In February 1987, the couple went back to the bank to refinance the mortgage to build a deck. Before they obtained the new mortgage loan, the husband on April 17, 1987, conveyed the house to himself and his wife as joint tenants. Both were obligated on the new mortgage note.

In July 1988 the couple separated. The husband remained in the house and made all of the mortgage, tax, and insurance payments. The wife filed for divorce on August 2, 1988. In October 1988, in conjunction with the divorce action, the house was appraised at $95,000. By the date of the divorce hearing on June 24, 1990, the net value of the couple's equity in the house was slightly more than $67,000. The divorce court found that the house was entirely marital property and awarded it to the husband. It, however, ordered him to pay the wife $25,000 in 90 days and directed the house to be sold if no payment was forthcoming.

■ The court's factual finding that all of the value of the house was marital property was free of any clear error. *See Dubord v. Dubord*, 579 A.2d 257, 259 (Me. 1990); *West v. West*, 550 A.2d 1132, 1133 (Me.1988). The transfer of property from one spouse to both spouses jointly during a marriage, "in the absence of clear and convincing evidence to the contrary, must be understood as evidencing an intention to transfer the property to the marital es-

tate." *Carter v. Carter*, 419 A.2d 1018, 1022 (Me.1980). Here not only has the husband failed to demonstrate by clear and convincing evidence that he did not intend the April 17, 1987, joint tenancy deed to bring the property into the marital estate, he *concedes* that his gift transmuted the property from separate to marital. Instead, the husband contends that because the wife's contributions to the residence as marital property did not begin until the date of the conveyance, the court when dividing the property should not have considered the contributions that she made prior to the marriage or prior to the conveyance to them as joint tenants. "[T]he disposition of marital property is a matter committed to the sound discretion of the divorce court, and that court's decision is reviewable only for abuse of discretion." *Axtell v. Axtell*, 482 A.2d 1261, 1263 (Me. 1984); *see also Bliss v. Bliss*, 583 A.2d 208, 210 (Me.1990). When considering a trial court's discretion in making a division of marital property, as we do with other decisions respecting property made incident to divorce, "[a]bsent a violation of some positive rule of law, this [c]ourt will overturn the trial court's decision only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980) (modification of alimony and child support). Although no specific directive permits the divorce court to rely on both the pre-marital, and the pre-conveyance contributions of a spouse in making a division of marital property, we find no error here.

■ Once the court determined that the entire value of the house was marital, it had the obligation to divide that property pursuant to 19 M.R.S.A. § 722-A (1981 & Supp.1990). Because section 722-A gives the court the equitable power to consider "all relevant factors," including "[t]he contribution of each spouse to the acquisition of the marital property," the court acted appropriately in considering that the wife designed the plans for the house, assisted her husband in the work to clear the land, contributed $3,000 to pour the foundation, worked with her husband to finish the inside of the house, and shared equally the mortgage payments on the house, both before and during the marriage, until she left the marital residence in July 1988. In equity and common sense, the fact that some of those activities took place before the marriage or before the creation of the joint tenancy does not bar the court from weighing them in its decision as to a just division of the house that it found was wholly marital property. By no means can it be said that the wife's contributions did not rationally and credibly support the court's award to her of about 40% of the equity in the house. *See Shirley v. Shirley*, 482 A.2d 845, 849 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.