1997 ME 108

Neree SIMONEAU

v.

Sabra SIMONEAU.

Supreme Judicial Court of Maine.

Argued April 7, 1997.

Decided May 20, 1997.

Thomas S. Carey (orally), Carey & Associates, P.A., Rumford, for plaintiff.

Edward S. David (orally), Joyce, Dumas, David and Hanstein, Farmington, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

PER CURIAM.

[¶ 1] Neree Simoneau appeals from the judgment entered in the Superior Court (Franklin County, *Delahanty, J.*) affirming the judgment of the District Court (Farmington, *Sheldon, J.*) granting Neree and Sabra a divorce, dividing their property, and awarding Sabra alimony. On appeal, Neree contends that the court erred in considering Neree and Sabra's period of premarital cohabitation to determine their marital assets. We agree and vacate the judgment.

Background

[¶ 2] Neree and Sabra married in 1991 after a four year period of cohabitation. Neree commenced this action for divorce in 1994. The court granted a divorce on the ground of irreconcilable differences and awarded alimony to Sabra. The court found (1) that during the marriage, the value of Neree's home, which he purchased in 1976, had increased by $6,500 due to "market factors" and thus the increase in value was nonmarital; (2) that the value of Neree's pension, assuming retirement at age 65, increased by $42,000 during the marriage; and (3) that Neree's IRA and 401(k) together increased in value by $17,200 during the marriage. The court awarded Neree his house, one of two timeshare condominiums acquired by the parties during the marriage, his pension, IRA and 401(k). To compensate Sabra for her marital share of the pension, IRA and 401(k), the court ordered Neree to give Sabra a note to evidence a debt in the amount of $15,000 to be repaid over fifteen years with 8% annual interest. The court also ordered Neree to pay Sabra alimony of $10 per week for 52 weeks.

[¶ 3] Sabra filed a motion for reconsideration, and the court heard further evidence and issued an amended divorce order. In its amended order, the court stated its belief that our decision in *Anderson v. Anderson,*

591 A.2d 872 (Me.1991), "not only permits but requires that I apply the divorce remedies (alimony and division of marital property) to a period that includes not only the period of actual marriage but also the period of premarital cohabitation, when the period of cohabitation is uninterrupted and can be precisely determined." The court calculated that period as beginning in June of 1987, the time at which Neree and Sabra commenced cohabitation.[1]

[¶ 4] The court recalculated the value of the parties' marital assets by valuing them from the date of cohabitation. The court found that the parties' reduced debt secured by a mortgage on Neree's home during the period of cohabitation and marriage and that the entire $16,380 increase in equity was marital property. The court recalculated the value of the marital portion of Neree's IRA and pension, using the date of the commencement of cohabitation rather than marriage as the starting point for valuation; awarded Sabra a portion of Neree's pension; divided Neree's 401(k) equally; and awarded Neree the entire value of his IRA. The court revised its alimony award by ordering Neree to pay Sabra $100 per week until he reaches age 62 and to provide Sabra with medical insurance for 36 months from the date of the judgment.

### Discussion

[¶ 5] Marital property is "all property acquired by either spouse subsequent to marriage." 19 M.R.S.A. § 722–A(2)(1981)[2] "A divorce court's determination of what property is marital and what is non-marital is reviewed for clear error, and will not be disturbed if there is competent evidence in the record to support it." *West v. West*, 550 A.2d 1132, 1133 (Me.1988). When the Superior Court acts as an intermediate appellate court, we review directly the decision of the District Court. *Page v. Page*, 671 A.2d 956, 957 (Me.1996). The court committed legal error by defining property that was acquired during a period of cohabitation as marital property. The court's conclusion that our decision in *Anderson* required such action is incorrect.

[¶ 6] In *Anderson* we were asked to address the court's decision to consider a wife's pre-marital financial contributions to construction of a house that the parties agreed was marital property. Unlike the instant matter, in *Anderson* whether the house was marital property was not at issue: the husband "*concedes* that his gift transmuted the property from separate to marital." 591 A.2d at 874. In dividing marital property, the court in *Anderson* considered numerous pre-marriage contributions by the wife, including the fact that she had "designed the plans for the house, assisted her husband in the work to clear the land, contributed $3,000 to pour the foundation, worked with her husband to finish the inside of the house, and shared equally in the mortgage payments on the house, both before and during the marriage, until she left the marital residence in July 1988." 591 A.2d at 874. Because 19 M.R.S.A. § 722–A allows the court to consider "all relevant factors" in dividing marital property, including the "contribution of each spouse to the acquisition of the marital property ...," we concluded that even though

---

1. At the hearing on the motion for reconsideration, the court stated:

    I'm going to take a point of departure on the law, and state that for the purposes of the divorce, the—of the divorce remedies, including alimony and splitting up marital property, I'm going to consider that these parties' relationship began when they moved together in 1987, and not when they were married. Then I'll invite the Law Court to tell me I'm all wet.... [W]hat I'm basically saying is the fact that these folks married means that I am going to consider all divorce remedies back to the date of their cohabitation, not to the date of their marriage.

2. Section 722–A (2) provides:

    **Definition.** For purposes of this section only, the "marital property" means all property acquired by either spouse subsequent to marriage, except:

    A. Property acquired by gift, bequest, devise or descent;

    B. Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

    C. Property acquired by a spouse after a decree of legal separation;

    D. Property excluded by valid agreement of the parties; and

    E. The increase in value of property acquired prior to the marriage.

some of the wife's contributions to the marital home came before marriage,

> [i]n equity and common sense, the fact that some of those activities took place before the marriage or before the creation of the joint tenancy does not bar the court from weighing them in its decision as to a just division of the house that it found was wholly marital property.

*Anderson,* 591 A.2d at 874.

[¶ 7] The issue presented in this case is not the proper division of marital property, as in *Anderson,* but rather the proper determination of what constitutes marital property. We have never held that the definition of marital property can be extended beyond the parameters set by the Legislature.

> We cannot expand the definition the Legislature has provided to encompass property to which the husband took title before this couple were married. We find nothing in the law of community property ... that makes it appropriate to treat as an asset of the marriage partnership a property interest which one party acquired during the period of a nebulous relationship between them. Such a result would only introduce new uncertainties into our law.

*Grishman v. Grishman,* 407 A.2d 9, 12 (Me. 1979); see also *West v. West,* 550 A.2d 1132, 1133 (Me.1988) (determination that husband's non-marital share of log cabin was 23% is clear error when evidence demonstrated that at least 75% of cabin was acquired by husband prior to marriage). In the instant matter, the court erred in extending the definition of marital property to include property acquired prior to Neree and Sabra's marriage.

[¶ 8] Because our decision will require the court to reconsider the division of property, the court on remand should also reconsider its award of alimony in light of the new financial circumstances of the parties.

[¶ 9] We note that in its order the trial court included several observations about the personal choices made by the parties. Although a court should explain in its order the reasoning for its ruling, comments of a personal nature serve no judicial purpose and must be avoided.

The entry is:

Judgment vacated. Remanded to the Superior Court with the direction to remand to the District Court for further proceedings consistent with the opinion herein before a different judge of that court.