2009 ME 20

**Craig AYOTTE**

v.

**Belinda AYOTTE.**

Supreme Judicial Court of Maine.

Argued: Oct. 27, 2008.
Decided: March 5, 2009.

John F. Barnicle, Esq. (orally), Moncure & Barnicle, Topsham, ME, for Belinda Ayotte.

Donald T. Massey, Esq. (orally), Ranger, Copeland, Whittemore & Massey, Brunswick, ME, for Craig Ayotte.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Belinda Ayotte appeals from a divorce judgment entered by the District Court (West Bath, *Field, J.*). Belinda argues that the court erred in its decision to award Craig Ayotte a $25,000 execution lien on Belinda's non-marital real estate. Because the District Court relied upon the

Maine Uniform Partnership Act, 31 M.R.S. §§ 1001–1105 (2008), to address the parties' premarital financial dealings in rendering its judgment, we must vacate and remand for further proceedings.

[¶ 2] The parties were married on August 7, 2004, and Craig filed for divorce on April 6, 2007. During the year preceding the marriage, the parties cohabited, shared living expenses, and substantially improved Belinda's home at 32 Katie Lane in Topsham. Belinda refinanced the home twice, once shortly before the marriage and once afterward. Craig undertook a variety of substantial home improvement projects on the property before and during the marriage. In addition, Belinda's parents purchased home improvement materials and her father assisted with the labor. The parties contributed savings, credit card purchases, and loan proceeds to their joint expenses before and during the marriage.

[¶ 3] Statements by the court on the record reflect frustration with what it appropriately considered to be inadequate presentations by the parties regarding the details of their financial dealings. Neither party submitted to the court documentation as to what assets should be considered marital and non-marital. *See Fitch v. Fitch*, 645 A.2d 631, 633 (Me.1994) (stating "The parties are responsible for providing the court with sufficient information as to their assets, whether those assets are claimed to be marital or nonmarital … and sufficient evidence as to the source of those assets in order for the court … to designate those assets as marital or nonmarital"). Faced with a Gordian knot of poorly documented and otherwise unexplained premarital and marital financial dealings, the District Court elected to rely upon the Maine Uniform Partnership Act and awarded Craig a $25,000 execution lien upon Belinda's non-marital property

representing Craig's premarital and marital contributions.

[¶ 4] While the District Court has authority to grant equitable relief in actions concerning partnerships as defined by the Maine Uniform Partnership Act, the relationship between Belinda and Craig before their marriage was no such partnership. *Ackerman v. Hojnowski*, 2002 ME 147, ¶¶ 16–17, 804 A.2d 412, 416–17. Absent some legal partnership between Belinda and Craig prior to marriage, the application of partnership law in the context of a divorce judgment was error.

[¶ 5] The error occurs because the application of partnership law folds non-marital assets and contributions made by each party before the marriage into the marital property divided by the court. This approach is inconsistent with our decision in *Simoneau v. Simoneau*, 1997 ME 108, ¶ 7, 693 A.2d 1135, 1137, in which we rejected the notion that the divorce court could treat assets and interests acquired before the marriage as marital.

[¶ 6] The method by which a court is to dispose of property following the dissolution of a marriage is established in 19–A M.R.S. § 953(1) (2008). The divorce court must: (1) determine what of the parties' property is marital and non-marital, (2) set apart each spouse's non-marital property, and (3) divide the marital property between them in such proportion as the court deems just. 19–A M.R.S. § 953(1); *Sewall v. Saritvanich*, 1999 ME 46, ¶ 14, 726 A.2d 224, 227. 19–A M.R.S. § 953(1)(B) clearly allows for a court to consider the value of the parties' respective non-marital assets in determining a just division of the parties' marital property. As applied here, the court may treat the value of Belinda's non-marital interest in the residence—a value that the court found was substantially enhanced by

Craig's pre-marital efforts and contributions—as a relevant factor for purposes of determining a just distribution of the parties' marital interest in the residence and other marital property.

 [¶ 7] When faced with evidence that fails to provide the court with a meaningful basis to undertake the analysis required by 19–A M.R.S. § 953(1), the court must consider the applicable burden of proof. If the evidence in the record, and the reasonable inferences to be drawn from such evidence, are inadequate to provide a basis for any reasoned finding upon a particular issue, the issue should be resolved against the party with the burden of proof. *See Warren v. Warren,* 2005 ME 9, ¶ 26, 866 A.2d 97, 103.

[¶ 8] While we cannot say on this record that the District Court's award of $25,000 to Craig as part of its equitable distribution of the parties' marital property constitutes an abuse of discretion, the District Court's incorrect application of partnership law to include premarital assets and contributions as part of the divorce judgment prevents us from reaching this issue. Accordingly, the judgment of the District Court is vacated and the matter is remanded for further proceedings consistent with this opinion.

The entry is:

Judgment vacated. Case remanded to the District Court for further proceedings consistent with this opinion.