MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 75
Docket:        Cum-19-449
Submitted
  On Briefs:   May 12, 2020
Decided:       May 28, 2020

Panel:         MEAD, GORMAN, JABAR, HORTON, and CONNORS, JJ.

SUSAN G. COLUCCI

v.

STEPHEN COLUCCI

CONNORS, J.

[¶1]  Stephen Colucci appeals from a judgment of the District Court (Portland, *Mills, J.*) granting Susan G. Colucci's complaint for divorce.  Stephen contends that the court erred in awarding the parties' dog to Susan because the dog is his nonmarital property.[1]  We vacate the judgment.

[¶2]  Susan and Stephen married in May 2015.  In October 2017, Susan filed a complaint for divorce.  In her financial statement filed with the court,

---

[1]  Stephen also asserts that there is an ambiguity in the provision of the judgment that requires him to pay Susan twenty percent of the profits from his corporation.  Specifically, Stephen contends that the court did not indicate whether the corporation's "profits" should be determined before or after it pays Stephen his salary as a director.  We see no ambiguity.  In ruling on Stephen's post-judgment motion, the court stated that Stephen could "account for [his] reasonable salary when determining [the] amount due to [Susan]."  In light of this clarification, the judgment is sufficiently clear for Stephen to make a payment to Susan that he believes, in good faith, satisfies the provision of the judgment at issue.  Therefore, we decline to consider Stephen's argument further.

2

*see* M.R. Civ. P. 108(c), Susan listed two dogs as marital assets. She indicated, however, that one dog, Louise, was acquired prior to the marriage, in 2010. At trial, the parties submitted no other evidence regarding when, or by which party, Louise was acquired.

[¶3] In August 2019, the court entered a judgment granting the divorce. In its written decision, the court did not make any express factual findings regarding the dogs, but it ordered that both dogs be "set aside to [Susan] as her exclusive property." Stephen timely filed a motion pursuant to M.R. Civ. P. 52, requesting a finding that Louise is his nonmarital property and asserting that the court should have set aside that dog to him. The court denied Stephen's motion, explaining that the record did not support his proposed finding of fact or conclusion of law. Stephen timely appealed. *See* M.R. App. P. 2B(c)(1).

[¶4] Undisputed evidence establishes that Louise was acquired in 2010—five years before the marriage. Therefore, the record compelled the court to classify that dog as nonmarital, *see Miliano v. Miliano*, 2012 ME 100, ¶ 16, 50 A.3d 534 (stating that property acquired prior to the marriage is nonmarital), and the court was required to set aside Louise to its owner as that person's nonmarital property, *see id.*

[¶5]  Because the parties did not present any evidence of who—Susan or Stephen—acquired Louise in 2010, however, the court did not have an adequate evidentiary basis from which it could make the findings necessary for it to set aside that dog to the correct party.  Faced with both parties' failure of proof on this question of fact, it would have been appropriate for the court to reopen the record for the parties to submit additional evidence prior to entering a final judgment.  *See id.* ¶ 26 n.9.

[¶6]  We vacate the judgment and remand for further proceedings to determine ownership of Louise.  *See id.* ¶¶ 16, 26; *McLean v. Robertson*, 2020 ME 15, ¶ 11, 225 A.3d 410 (stating that, where a party files a Rule 52 motion, the court must ensure that the judgment is supported by factual findings that are based on record evidence).  We note that, despite the lack of record evidence on this issue, Susan and Stephen are no doubt aware of who between them acquired Louise in 2010.  Thus, we are confident that the parties will be able to resolve what should be an undisputed question of fact without expending further judicial resources.

The entry is:

> Judgment vacated.   Remanded for further proceedings as indicated in this opinion.

Diane Dusini, Esq., and Whitney Lallas, Esq., MittelAsen, LLC, Portland, for appellant Stephen Colucci

Dana E. Prescott, Esq., Prescott, Jamieson, Murphy Law Group, LLC, Saco, for appellee Susan G. Colucci

Portland District Court docket number FM-2017-952
FOR CLERK REFERENCE ONLY