MAINE SUPREME JUDICIAL COURT                                   Reporter of Decisions
Decision:      2022 ME 52
Docket:        Pen-22-28
Submitted
  On Briefs:   September 21, 2022
Decided:       October 25, 2022

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

## TINA MITCHELL

v.

## CRAIG MITCHELL

CONNORS, J.

[¶1]  Craig Mitchell appeals from a judgment entered in the District Court (Bangor, *David Mitchell, J.*)[1] granting Tina Mitchell's complaint for divorce. Craig argues that the trial court erred by (1) concluding that a 1968 Ford Mustang[2] was a gift to Tina and setting it aside to her as her nonmarital property and (2) awarding Tina a 2013 Honda Rancher.  On appeal, Craig alleges that Tina did not receive a 1968 Ford Mustang as a gift but rather received a 2006 Ford Mustang as a gift and that the parties previously owned a 2013 Honda Rancher, but that those vehicles were sold in 2019 and 2020,

---

[1]  The parties and the trial judge are not related.

[2]  The divorce judgment describes the vehicle as a "1969 Mustang," but the record shows that the vehicle at issue is a 1968 Mustang.

2

respectively. He further alleges that neither party "claimed" or "mentioned" a 2006 Ford Mustang or a 2013 Honda Rancher at trial. We vacate the judgment.

## I. BACKGROUND

[¶2] Tina and Craig were married in 2009. In December 2020, Tina filed a complaint for divorce, and the parties filed financial statements pursuant to M.R. Civ. P. 108(c). Prior to the final hearing, which was held on December 14, 2021, the parties filed updated financial statements. Neither party listed a 2006 Ford Mustang or a 2013 Honda Rancher in any of their financial statements. Only Craig listed a 1968 Ford Mustang as an asset, alleging that the vehicle's title was in his name and that the vehicle was his nonmarital property.[3]

[¶3] At trial, the parties offered vague and convoluted testimony about a "car flipping" business that they ran together from approximately 2018 to 2019. Although the parties mentioned a dozen or so vehicles in connection with this business, neither party offered any evidence about a 2006 Ford Mustang or a 2013 Honda Rancher.[4] Moreover, Tina offered no evidence whatsoever

---

[3] It is curious that Craig's email address includes the phrase "68stang."

[4] Because the trial was to be held by Zoom, the parties exchanged with each other and submitted to the court, in advance of the trial, the exhibits that they anticipated introducing in evidence. Two of Tina's exhibits—an email thread between Tina and Craig from 2016 and an annotated list of vehicles dated "4/6/2016"—mention a 2006 Ford Mustang, a 2013 Honda Rancher, and the 1968 Ford Mustang. These exhibits—although appearing in the trial court file—were neither discussed,

regarding the 1968 Ford Mustang. Craig testified only that he owned the 1968 Ford Mustang in 2018,[5] he carried an insurance policy on it, and he would like the court to award it to him in the divorce judgment.

[¶4] After trial, Tina submitted a proposed judgment to the court. Contrary to the evidence, her proposed judgment read, in part:

> [Tina] is awarded the 1968 Mustang and maintains that this was a gift made to [Tina] during the course of the marriage. . . . [Tina] is awarded the 2013 Honda Rancher (4-Wheeler) that is currently in [Craig's] possession. While, [Craig] failed to disclose this item in his Financial Statement, he agreed on the December 14th record that he would relinquish it to [Tina].

Craig filed a written closing argument, in which he asked the court to award him the 1968 Ford Mustang.

[¶5] On January 19, 2022, the trial court entered the divorce judgment. In disposing of the parties' personal property, the trial court found that the 1968 Ford Mustang was a gift to Tina and set it aside to her as her nonmarital property. *See* 19-A M.R.S. § 953(2)(A) (2022). The trial court also awarded

---

offered, nor admitted at trial, and therefore are not part of the evidentiary record. But even if these exhibits had been admitted, they would not have supported a finding that the 1968 Ford Mustang was Tina's nonmarital property or that the parties owned a 2013 Honda Rancher at the time of trial.

[5] Craig's testimony—that he owned the 1968 Ford Mustang in 2018 and that it was insured—was in response to a series of questions posed by Tina's counsel seemingly aimed at getting information to be used in a personal injury action arising out of a car accident in which Tina was involved in 2018. The trial court admonished Tina's counsel for treating the divorce hearing as a deposition for the civil action.

4

Tina a 2013 Honda Rancher. Neither party filed a motion for further findings of fact pursuant to M.R. Civ. P. 52(b).

[¶6] Craig timely appealed. *See* 14 M.R.S. § 1901(1) (2022); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶7] As noted above, Craig argues that the trial court erred by finding that the 1968 Ford Mustang was Tina's nonmarital property and by awarding her a 2013 Honda Rancher. In a one-and-a-half-page brief that fails to comply with the Maine Rules of Appellate Procedure, Tina doubles down on the unsupported argument that she made to the trial court, claiming that the parties "debated" the ownership of the 1968 Ford Mustang at the final hearing, that Craig's "ownership of a 2013 Honda Rancher was discovered during the hearing process," and that the Rancher was awarded to Tina because of Craig's "attempts to hide assets."

[¶8] "We review the trial court's factual findings for clear error and will vacate a finding only if there is no competent evidence in the record to support it; if the fact-finder clearly misapprehends the meaning of the evidence; or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case." *In re Child of Carl D.*, 2019 ME 67, ¶ 5,

207 A.3d 1202 (quotation marks omitted). "In dividing property in a divorce action, a court must first determine what property is marital and what property is nonmarital, then set apart each party's nonmarital property, and finally divide the marital property as it deems just." *Violette v. Violette*, 2015 ME 97, ¶ 21, 120 A.3d 667; *accord* 19-A M.R.S. § 953(1). "The first step in the classification process is to compare the date each property was acquired to the date of the marriage." *Miliano v. Miliano*, 2012 ME 100, ¶ 15, 50 A.3d 534. "When faced with evidence that fails to provide the court with a meaningful basis to undertake the analysis required by 19-A M.R.S. § 953(1), the court must consider the applicable burden of proof. If the evidence in the record, and the reasonable inferences to be drawn from such evidence, are inadequate to provide a basis for any reasoned finding upon a particular issue, the issue should be resolved against the party with the burden of proof." *Ayotte v. Ayotte*, 2009 ME 20, ¶ 7, 966 A.2d 883.

[¶9] Because the parties did not present any evidence of when or under what circumstances the 1968 Ford Mustang was acquired, the trial court did not have an adequate evidentiary basis from which it could make the necessary findings to either set aside or award the vehicle to one of the parties. Furthermore, because there is no evidence in the record that the parties owned

6

a 2013 Honda Rancher at the time of the final hearing, the trial court erred in awarding one to Tina. *See Ehret v. Ehret*, 2016 ME 43, ¶ 14, 135 A.3d 101 ("In applying the clear error standard, we will vacate a factual finding if it is not supported by sufficient, competent record evidence.").

[¶10] Because the trial court's factual findings are not supported by competent record evidence, we vacate the judgment and remand for further proceedings to determine the marital or nonmarital nature of any vehicles that the parties had at the time of trial. Given both parties' failure of proof, the trial court may reopen the record on remand. *See Colucci v. Colucci*, 2020 ME 75, ¶¶ 5-6, 234 A.3d 1226. The trial court may also consider whether any property was omitted from the divorce judgment, "if the parties introduce evidence which reasonably permits the same." *Warner v. Warner*, 2002 ME 156, ¶ 53, 807 A.2d 607; *see* 19-A M.R.S. § 953(9). The trial court may also reevaluate the property distribution, if necessary. *See Mooar v. Greenleaf*, 2018 ME 23, ¶ 13, 179 A.3d 307.

The entry is:

> Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

Craig Mitchell, appellant pro se

Daniel K. McCue, Esq., McCue Law Office, Hampden, for appellee Tina Mitchell

Bangor District Court docket number BANDC-DIV-2020-481
FOR CLERK REFERENCE ONLY